# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## Civil Division

PATRICIA A. POWERS-BUNCE, Individually,　　　*
and as Personal Representative of the　　　　　*
ESTATE OF TERENCE ANTHONY POWERS　　*
1102 Sunset Drive　　　　　　　　　　　　　　　*
Bel Air, Maryland 21401　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　*
　　　　Plaintiff,　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　　　　　　　　*　　Case No.
　　　　　　　　　　　　　　　　　　　　　　*
THE DISTRICT OF COLUMBIA　　　　　　　*　　**0005391-06**
　　　　　　　　　　　　　　　　　　　　　　*
　Serve On:　　　　　　　　　　　　　　　　*
Anthony A. Williams, Mayor　　　　　　　　　*
District of Columbia　　　　　　　　　　　　*
John A. Wilson Building　　　　　　　　　　　*
1350 Pennsylvania Avenue, N.W.　　　　　　　*
Washington, D.C.  20004　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　*



　　　　and
　　　　　　　　　　　　　　　　　　　　　　*
Gladys Herring
Office of the Secretary
John A. Wilson Building
1350 Pennsylvania Avenue, N.W.
Suite 419
Washington, D.C.  20004　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　*
and　　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　*
Darlene Fields　　　　　　　　　　　　　　　*
Office of the Attorney General for the　　　　*
District of Columbia　　　　　　　　　　　　*
441 4th Street, N.W.　　　　　　　　　　　　*
Washington, D.C.  20001　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　*
CHIEF CHARLES H. RAMSEY　　　　　　　*
Chief of Police　　　　　　　　　　　　　　　*
Washington Metropolitan Police Department　*
300 Indiana Avenue, N.W.　　　　　　　　　　*
Washington, D.C.   20001　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　*

COMMANDER LARRY D. McCOY                          *
Washington Metropolitan Police Department        *
3rd District                                     *
1624 V Street, N.W.                              *
Washington, D.C.    20009                        *
                                                 *
WATCH COMMANDER                                  *
Washington Metropolitan Police Department        *
3rd District                                     *
1624 V Street, N.W.                              *
Washington, D.C.    20009                        *
                                                 *
SARGENT R.W. GAMBLE                              *
Washington Metropolitan Police Department        *
3rd District                                     *
1624 V Street, N.W.                              *
Washington, D.C.    20009                        *
                                                 *
MARK J. SULLIVAN, DIRECTOR                       *
United States Secret Service                     *
245 Murray Drive                                 *
Building 410                                     *
Washington, D.C.  20223                          *
                                                 *
CHIEF OF THE UNIFOMED DIVISION                   *
United States Secret Service                     *
245 Murray Drive                                 *
Building 410                                     *
Washington, D.C.  20223                          *
                                                 *
OFFICER MICHAEL BURDYN                           *
United States Secret Service                     *
Uniformed Division                               *
245 Murray Drive                                 *
Building 410                                     *
Washington, D.C.  20223                          *

SERGEANT B. GILES           *
United States Secret Service      *
Uniformed Division             *
245 Murray Drive             *
Building 410                  *
Washington, D.C.  20223       *
                              *
      Defendants.             *

*******************************************************************************

## LINE OF APPEARANCE

Dear Clerk:

Please enter the appearance of M. Celeste Bruce, Esquire, Bar Number

438343 and Ellen B. Flynn, Esquire, Bar Number 465355, as counsel for the

Plaintiffs in the above captioned matter.

                   Respectfully submitted,

                   Rifkin, Livingston, Levitan & Silver, LLC

                   M. Celeste Bruce, Esquire
                   D.C. Bar Number 438343

                   6305 Ivy Lane, Suite 500
                   Greenbelt, Maryland 20770

                   (301) 345-7700 phone
                   (301) 345-1294 facsimile

                   Attorneys for the Plaintiffs

Date:  July 14, 2006

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

PATRICIA A. POWERS-BUNCE, Individually,       *
and as Personal Representative of the       *
ESTATE OF TERENCE ANTHONY POWERS       *
1102 Sunset Drive       *
Bel Air, Maryland 21401       *
     *
    Plaintiff,       *
v.       *  Case No.
     *
THE DISTRICT OF COLUMBIA       *
     *
 Serve On:       *
Anthony A. Williams, Mayor       *
District of Columbia       *    **0005391-06**
John A. Wilson Building       *
1350 Pennsylvania Avenue, N.W.       *
Washington, D.C.  20004       *
     *
   and       *
     *
Gladys Herring       *
Office of the Secretary       *
John A. Wilson Building       *
1350 Pennsylvania Avenue, N.W.       *
Suite 419       *
Washington, D.C.  20004       *
     *
and       *
     *
Darlene Fields       *
Office of the Attorney General for the       *
District of Columbia       *
441 4th Street, N.W.       *
Washington, D.C.  20001       *
     *
CHIEF CHARLES H. RAMSEY       *
Chief of Police       *
Washington Metropolitan Police Department       *
300 Indiana Avenue, N.W.       *
Washington, D.C.    20001       *
     *

1

COMMANDER LARRY D. McCOY            *
Washington Metropolitan Police Department   *
3rd District                       *
1624 V Street, N.W.                *
Washington, D.C.    20009          *
                                   *
WATCH COMMANDER                    *
Washington Metropolitan Police Department   *
3rd District                       *
1624 V Street, N.W.                *
Washington, D.C.    20009          *
                                   *
SARGENT R.W. GAMBLE                *
Washington Metropolitan Police Department   *
3rd District                       *
1624 V Street, N.W.                *
Washington, D.C.    20009          *
                                   *
MARK J. SULLIVAN, DIRECTOR         *
United States Secret Service       *
245 Murray Drive                   *
Building 410                       *
Washington, D.C. 20223             *
                                   *
CHIEF OF THE UNIFOMED DIVISION     *
United States Secret Service       *
245 Murray Drive                   *
Building 410                       *
Washington, D.C. 20223             *
                                   *
OFFICER MICHAEL BURDYN             *
United States Secret Service       *
Uniformed Division                 *
245 Murray Drive                   *
Building 410                       *
Washington, D.C. 20223             *

SERGEANT B. GILES               *
United States Secret Service       *
Uniformed Division              *
245 Murray Drive               *
Building 410                    *
Washington, D.C.  20223      *
                                      *
        Defendants.             *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, OTHER CAUSES OF ACTION AND DAMAGES

Plaintiffs, Patricia A. Powers-Bunce, individually and as the Personal Representative of the Estate of Terence Anthony Powers, by and through counsel, M. Celeste Bruce, Esq., Ellen B. Flynn, Esq. and Rifkin, Livingston, Levitan & Silver, LLC sue Defendants.  In support thereof, Plaintiffs state:

## ALLEGATIONS COMMON TO ALL COUNTS

1.      Subject matter jurisdiction is founded upon District of Columbia Code § 11-921.  Personal jurisdiction is founded upon District of Columbia Code § 13-423.

2.      The decedent, Terence Anthony Powers was a resident of the District of Columbia.  The Personal Representative of the Estate, Plaintiff Patricia A. Powers-Bunce is a resident of the State of Maryland.

3.      The individual Defendants are citizens of the United States residing in and/or engaging in a habitual vocation in the District of Columbia.

4.      Defendant, the District of Columbia, is a municipal corporation licensed to and doing business in the District of Columbia.

5. The Washington Metropolitan Police Department ("MPD") is an agency of the District of Columbia.

6. The United States Secret Service ("USSS") is an agency of the United States Government.

7. Defendants Ramsey, McCoy, Watch Commander and Gamble, at all times relevant hereto, were police officers employed by the MPD.

8. Defendants Chief of the Uniformed Division of the USSS, Brudyn and Giles, at all times relevant hereto, were members of and employed by the USSS.

9. Defendants Ramsey, McCoy, Watch Commander, Gamble, Chief of the Uniformed Division of the USSS, Brudyn and Giles, at all times relevant hereto, were acting under the color of law and within the scope of their employment.

10. On July 15, 2004, the decedent, Terence Anthony Powers was unlawfully arrested and/or picked up and transported by Defendants Brudyn and Giles after they had unlawfully stopped Terence Powers for allegedly running a red light at the intersection of Massachusetts Avenue and Dupont Circle, Northwest Washington, D.C.

11. The actual time of the traffic stop and subsequent arrest is undocumented as there is no traffic violation citation written on the traffic charge.

12. It is clear from the reports that Mr. Powers was followed by the USSS officers, Brudyn and Giles for approximately seventeen (17) city blocks between the location of the alleged traffic violation and the stop.

13.     A Washington Area Law Enforcement System check revealed that his driving permit status was suspended.

14.     Pursuant to uncorroborated information gleaned from the report provided by law enforcement personnel at the time of his death, Mr. Powers was observed retrieving an object from behind the passenger seat of his vehicle and placing it in a cigarette box.  Allegedly, inside the cigarette box were five (5) plastic bags containing a white powder substance that allegedly tested positive for cocaine, although lab reports confirming this have not been made available to Plaintiffs.

15.     Mr. Powers was placed under arrest for possession with intent to distribute and for not having a valid drivers permit by Defendants Burdyn and Giles, acting under color of law as police officers and as the servants, agents and employees of the USSS and Defendant, District of Columbia

16.     At or around 0130 hours on July 15, 2004, Mr. Powers was taken to the 3rd Precinct of the Metropolitan Police Department, located at 16th and U Streets, NW, Washington D.C, by the USSS Uniform Division.

17.     At or around 0200 hours Mr. Powers, who was Caucasian and gay, was placed in a jail cell, isolating him from the general detainees.  The view into the jail cell was partially blocked from view.  Mr. Powers, who had earlier allegedly expressed concern about facing possible jail time was left alone in this isolated area and not permitted to make a phone call or make any other contact.

18.     Mr. Powers was never formally processed by either the USSS or the MPD.

19.    After Mr. Powers was transported to the MPD's 3rd Precinct, he was interrogated by police officers from the USSS and/or the MPD.

20.    According to the Police Report, but unsubstantiated, at or around 0230 hours, police officers allegedly checked on Mr. Powers in his jail cell.

21.    Defendants did not check on Mr. Powers while he was alone in his jail cell between 0230 and 0416.  The failure or refusal to check on or otherwise observe Mr. Powers during this almost 2 hour period was in direct violation of the general orders, policies and procedures of Defendant MPD.

22.    At or around 0416 hours, no one having checked on Mr. Powers at all during this intervening time span in violation of their own general orders even though he was alone and away from the general population of detainees, Defendants found Mr. Powers hanging from the bars of the jail cell by a pair of tube socks tied in a knot.  It was reported that there was no sign of life from Mr. Powers.

23.    Medics were summoned and confirmed there was no sign consistent with life.  Mr. Powers' body then was transported to the Office of the Medical Examiner where he was pronounced dead at 8:35 a.m. on July 15, 2004.

24.    Dr. Constance Diangelo, Medical Examiner, ruled the cause of death as suicide by hanging.  Dr. Diangelo found abraded and muscle hemorrhage to the neck with compression and dry tissue of the neck.  The laryngeal structure was found to be undamaged and intact.

25.     Dr. Diangelo also documented contusions to the lateral chest, back, thighs and shins of Mr. Powers' body.  There was no indication or evidence in the police reports that Mr. Powers had been combative at any time.

26.     An independent medical examiner found that some of the bruising to Mr. Powers' back, buttocks and legs was consistent with inflicted blows and excessive force used upon him by police officer night sticks.

### Count I: Violations of Civil Rights

27.     This Count adopts and incorporates by reference herein as if set forth in full, paragraphs 1-26.

28.     Following the unlawful traffic stop and illegal search of Mr. Powers vehicle and property, without which Mr. Powers would have been eligible for citation release and alive today, Defendants unlawfully isolated Mr. Powers; intentionally failed to monitor him; violations of MPD general orders, policies and procedures; and showed deliberate indifference for his safety and well being, thus, violating his constitutional rights under the 5th, 8th and 14th Amendments of the U.S. Constitution.

29.     The aforesaid intentional violation of Mr. Powers' rights by the use of unnecessary and unreasonable segregation techniques and the use of unreasonable and unnecessary force were the proximate cause of Mr. Powers' death and caused him to endure great conscious pain and suffering.

30.     There is no videotape of Mr. Powers' confinement while at the 3rd Precinct in violation of the MPD general orders, policies and procedures.

7

31.    At all material times the individual Defendants were acting as police officers on behalf of and subject to the direction of the District of Columbia.

32.    Defendants District of Columbia, MPD, Commander McCoy, the Watch Commander, Sgt. Gamble, USSS and the Chief of the Uniformed Division are vicariously liable on the basis or *respondeat superior* for any violations of Mr. Powers' civil and/or constitutional rights.  Each and every Defendant is also liable for their direct violations of Mr. Powers' civil and constitutional rights.

33.    The violation of Mr. Powers' civil and constitution rights led directly to the death of Mr. Powers and to the injuries and damages suffered by Mr. Powers and his survivors.

## Count II: Intentional Infliction of Emotional Distress

34.    This Count adopts and incorporates by reference herein as if set forth in full, paragraphs 1-33.

35.    At all material times, Defendants Officer Burdyn and Officer Giles individually and as servants, agents and employees of the Defendants, District of Columbia and/or USSS intentionally inflicted upon Mr. Powers emotional distress by using unreasonable and unnecessary force; by deliberately isolating him and thereafter, failing to observe and monitor him.

36.    As a result of the aforesaid intentional infliction of emotional distress the decedent suffered anxiety and mental anguish to the degree that he committed suicide.

## Count III: Gross Negligence

37.    This Count adopts and incorporates by reference herein as if set forth in full, paragraphs 1-36.

38.    At all material times, the actions of Defendants Officer Burdyn and Office Giles individually and as servants, agents and employees of the Defendant, District of Columbia, constituted gross negligence in that their conduct exhibited a wanton and reckless disregard for the rights of the decedent.

39.    As a result of the defendants wanton act of deliberately isolating the decedent and thereafter, failing to observe and monitor him, Mr. Powers committed suicide without another human being seeing him, hearing him or coming to his aid.

40.    Moreover, no one from the Metropolitan Police Department notified the family of Mr. Powers' death on July 15, 2004.  Instead, on or about, July 27th 2004, Mrs. Powers-Bunce received a voice mail asking that she retrieve her car from the impound lot.  On July 28th, 2004, Mrs. Powers-Bunce went to retrieve her car and was then directed to the Medical Examiners Office where she learned her son had died while in police custody.

## Count IV:  Survival Action

41.    This Count adopts and incorporates by reference herein as if set forth in full, paragraphs 1-40.

42.    As a direct and proximate result of the Defendants' joint and several actions, Terence Anthony Powers died, but not before experiencing great pain, suffering and anguish.

9

43.    The personal representative and next of kin claim reimbursement for damages, including funeral costs and other damages under District of Columbia Code § 12-101.

## Count V:  Wrongful Death

44.    This Count adopts and incorporates by reference herein as if set forth in full, paragraphs 1-43.

45.    As a direct and proximate result of the Defendants' joint and several actions, Terence Anthony Powers is now deceased.

46.    Decedent's personal representative and next of kin have incurred expenses of the decedents burial, and have suffered the loss of financial support, gifts and other contributions of decedent awardable under District of Columbia claim reimbursement for damages, including funeral costs and other damages under District of Columbia  Code § 16-2701, et seq.

## Count VI:  Direct Liability to the District of Columbia for Failure to Train and Supervise

47.    This Count adopts and incorporates by reference herein as if set forth in full, paragraphs 1-46.

48.    The District of Columbia failed and/or refused to provide proper training and supervision to its officers before the incident with Terence Anthony Powers.

49.    The city's failure to provide proper training and supervision showed gross negligence and/or deliberate indifference to the safety of civilians with whom

its officers detain, bring into custody and to whom they owe a heightened duty with regard to their personal safety.

50.    The police department failed to effectively instruct officers of this heightened duty to prevent injury and harm to detainees in their direct care and control.

51.    The city's failure to properly train and supervise its officers demonstrates a gross disregard for constitutional rights and was directly related to the death of Terence Anthony Powers and to the injuries and damages suffered by his survivors.

WHEREFORE, Plaintiffs, Patricia A. Powers-Bunce and the Estate of Terence Anthony Powers, by and through its Personal Representative, Patricia A. Powers-Bunce, hereby demand judgment as to all Counts set forth herein for compensatory damages in the amount of $10,000,000.00 and punitive damages in the amount of $10,000,000.00 against all Defendants, jointly and severally, plus pre-judgment and post-judgment interest and costs, and any other relief that the Court deems appropriate.

Respectfully submitted,

RIFKIN, LIVINGSTON, LEVITAN & SILVER, LLC

M. Celeste Bruce, Esq.
D.C. Bar Number 438343

6305 Ivy Lane, Suite 500
Greenbelt, Maryland  20770

301/345-7700 phone
301/345-1294 facsimile

## JURY TRIAL DEMAND

Plaintiff demands Trial by jury.

M. Celeste Bruce, Esq.
D.C. Bar Number 438343

Date:  July 14, 2006