UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA A. POWERS-BUNCE | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-1586 (RMC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

## FEDERAL DEFENDANTS' MOTION TO DISMISS

The Federal Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully move to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), inasmuch as no subject matter jurisdiction exists in this court over claims asserted and as the Complaint fails to state claim upon which relief may be granted. In support of this motion, Federal Defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities and proposed order.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____/s/_____
OLIVER W. MCDANIEL, D.C. Bar #377360
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA A. POWERS-BUNCE<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-1586 (RMC)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS

The Federal Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully submit this memorandum of points and authorities in support of their motion to dismiss. Federal Defendants submit that Plaintiff has failed to comply with the rudimentary jurisdictional requirements of the Federal Tort Claims Act (FTCA) and that this Court lacks subject matter jurisdiction of the claims against the agency. Moreover, a number of grounds, the most prominent of which include the failure to allege conduct on the part of the federal officials sued in their individual capacities on which a valid claim of liability could be based, provide a basis for dismissal. Further, the violation of no clearly established constitutional right has been alleged.

## I. BACKGROUND

### THE COMPLAINT

The Complaint alleges that on July 15, 2004, Terence Powers was unlawfully arrested or detained, taken to the Third District Station of the District of Columbia Metropolitan Police Department (MPD), subjected to excessive force and left somewhat isolated in a jail cell, where he

committed suicide by hanging himself with tube socks. Compl. at ¶¶ 2, 10, 15-26, 28-29, 41-46. Civil rights and constitutional claims are advanced, compl. at ¶¶ 27-33, as well as common law claims of intentional infliction of emotional distress, compl. at ¶¶ 34-36, and negligence, compl. at ¶¶ 37-40, and a claim against the District of Columbia for a failure to train and supervise its police officers, Compl. at ¶¶ 47-51. Plaintiff seeks $10,000,000.00, punitive damages and other forms of relief. Compl. at 11.

## II. STANDARD OF REVIEW

### A. Dismissal for Lack of Subject Matter Jurisdiction

"A motion under 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'" Gardner v. U.S., No. CIV. A. 96-1467EGS, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001), quoting, Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987). Specifically, "subject matter jurisdiction deals with the power of the court to hear [a] plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power." 4 Wright & Miller: Federal Prac. & Proc. § 1350 (R12)(2002 Supplement).

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, or lack thereof, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id. Courts have found dismissal of claims appropriate for lack of subject matter jurisdiction on the following grounds – lack of standing, failure to exhaust administrative

3

remedies, and sovereign immunity. 4 Wright & Miller: Federal Prac. & Proc. § 1350 (R12)(2002 Supplement).

  B. **Dismissal for Failure to State a Claim**

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules") should be granted if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Though the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations. Id.

### III. ARGUMENT

  A. **This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims.**

Plaintiff has not spelled out in the complaint the specific bases for the relief she seeks, although the general nature of her claims can be gleaned from the Complaint. When a plaintiff seeks monetary relief for torts against the United States or a department of the United States, the only possible basis for relief is under the FTCA. The FTCA authorizes district courts to hear suits against the United States

> for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b); see also Cope v. Scott, 45 F.3d 445, 447 (D.C. Cir. 1995).

The FTCA, however, prohibits a plaintiff from filing suit in federal court until she has exhausted her administrative remedies. Bancoult v. McNamara, 370 F. Supp.2d 1, 10 (D.D.C. 2004). Under the FTCA, exhaustion occurs once a plaintiff has presented to the appropriate federal agency a claim describing with specificity the alleged injury and setting forth a sum certain. Id. at 11. More particularly, this presentment requirement mandates that a claimant file "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claims." Murphy v. United States, 121 F. Supp.2d 21, 27 (D.D.C. 2000). The purpose of the presentment requirement is to give notice to the affected federal agency. Williams v. United States, 932 F. Supp. 357, 361 (D.D.C. 1996). To that end, courts have construed the two elements of the presentment requirement as providing "no more information than the regulations specify for the initial presentment of a claim: 'an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain.'" Id. at 361 (citing GAF Corp. v. United States, 818 F.2d 901, 920 (D.C. Cir. 1987).

While Plaintiff has satisfied the presentment requirement, she has failed further to satisfy the final disposition requirement. In any event, Plaintiff does not assert that she has exhausted the necessary administrative remedies under the FTCA, which is a prerequisite to bringing an FTCA claim. It bears repeating that the FTCA is a limited waiver of sovereign immunity for certain monetary claims against the United States. Absent full compliance with the conditions placed upon waiver of that immunity, the Court lacks jurisdiction to entertain tort claims against the United States. GAF Corp. v. United States, 818 F.2d 901, 904 and n.86 (D.C. Cir. 1987). One such condition is contained in 28 U.S.C. § 2675, which provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

28 U.S.C. § 2675(a); see GAF Corp. v. United States, 818 F.2d at 904 n.7. This requirement is jurisdictional and cannot be waived. Hohri v. United States, 782 F.2d 227, 245-46 (D.C. Cir. 1986), *reh. denied*, 793 F.2d 304 (D.C. Cir. 1987), *rev'd on other grounds sub nom.*, United States v. Hohri, 482 U.S. 64 (1987). An action cannot be maintained under the FTCA where the complaint is filed before such an administrative claim is finally denied or six months have passed. McNeil v. United States, 508 U.S. 106 (1993). Moreover, procedural prerequisites in Section 2675(a) must be strictly construed inasmuch as the FTCA constitutes waiver of sovereign immunity. Lann v. Hill, 436 F.Supp. 463, 468 (W.D. Okla. 1977).

Because Plaintiff has not alleged the exhaustion of the requisite procedure, she has failed to allege facts that would state a claim within the jurisdiction of this Court. See Sanchez v. United States, 49 F.3d 1329, 1329-30 (8th Cir. 1995); Altman v. Connally, 456 F.2d 1114, 1116 (2d Cir. 1972) ("Insofar as the complaint seeks recovery from the United States in tort, it was also deficient in that, apart from other considerations, it failed to allege the presentation of a claim to the appropriate Federal agency and a final disposition of the claim by that agency."); Clayton v. Pazcoquin, 529 F. Supp. 245, 247-48 (W.D. Pa. 1981) (dismissing for lack of jurisdiction, inter alia, because "the complaint does not allege that an administrative claim was presented to the Federal agency"); Campbell v. United States, 496 F. Supp. 36, 38 (E.D. Tenn. 1980) ("The complaint herein

is deficient, in that it fails to aver that the required administrative procedures were timely commenced and that there has been a final disposition of the administrative claim by the appropriate agency or agencies.").

As set forth in the Declaration of Brian K. Nagel (hereinafter "Nagel Dec"), attached hereto as Exhibit A, Counsel for the Plaintiff, M. Celeste Bruce, filed an administrative claim with the United States Secret Service (USSS) dated July 13, 2006, that was received on July 18, 2006. Nagel Dec at ¶ 3. This administrative complaint has not been finally resolved by the USSS. Id. at ¶ 4. The court docket in this matter reflects that the Complaint was filed in the Superior Court of the District of Columbia on July 14, 2006. Plaintiff has filed the Complaint before a final disposition of the administrative claim, and this Court consequently does not have subject matter jurisdiction over Plaintiff's tort claims against the agency or its employees in their official capacities.

**B.   Plaintiff's Official Capacity Suit is Not Actionable and Should Be Dismissed.**

**1.   To the Extent Plaintiff Seeks Relief from Defendant in an Official Capacity, Such Claims Must Be Dismissed Pursuant to the FTCA.**

Given that this Complaint clearly implicates the conduct of federal employees acting within the scope of their employment, this matter was properly removed to the United States District Court and is subject to the provisions of 28 U.S.C. § 2675, providing immunity to federal employees sued in their official capacities and providing for the substitution of the United States in the place of these employees. The Federal Tort Claims Act is the exclusive remedy to obtain money damages arising from the negligent or wrongful act of any federal employee acting within the scope of his or her employment. See 28 U.S.C. § 2679(b)(1). However, where the Attorney General or his designee certifies that an individual defendant was acting within the scope of his or her federal employment

at the time of the incident in question, the federal employee is granted immunity and the United States is substituted as the proper defendant. See 28 U.S.C. § 2679(d)(1); Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction").

In the instant case, the individually sued Federal Defendants' participation in Mr. Powers' arrest and subsequent booking were clearly actions within the scope of the their employment. The Chief of the Civil Division for the Office of the United States Attorney for the District of Columbia, a designee of the Attorney General, has certified this fact. See Certification (attached as Exhibit B). Accordingly, the Federal Defendants/USSS officials should be afforded immunity for actions taken as a federal official that are the subject of the Complaint, and the official-capacity civil action must be deemed to be one against the United States under the FTCA. See 28 U.S.C. § 2679(d)(1). Once the United States is substituted, all claims against it must be dismissed because, as discussed below, there has been no waiver of sovereign immunity for such claims.

### 2. No Statutory Consent to Suit Authorizes this Action.

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of the statutory waiver of such immunity. Cox v. Secretary of Labor, 739 F. Supp. 29, 30 (D.D.C. 1990); see also, United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953-54 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985). Congressional consent to suit in this Court, a waiver of the government's traditional immunity, must be explicit and is strictly construed. Library of Congress v. Shaw, 478 U.S. 310, 318 (1986); United States v. Mitchell, 445 U.S. at 538; Fidelity Construction Co. v. United States, 700 F.2d 1379, 1383 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983). A waiver of sovereign

immunity, therefore, cannot be implied, but must be expressed "unequivocally" by Congress. Testan, 424 U.S. at 399, 96 S.Ct. 953-54; United States v. King, 395 U.S. 1, 4 (1969). Thus, absent clear congressional consent to entertain a claim against the United States, the District Court lacks authority to grant relief. Testan, 424 U.S. at 399, 96 S.Ct. 953-54; United States v. Sherwood, 312 U.S. 584, 586 (1941).

As set forth herein, Plaintiff has failed to satisfy the requirement of a waiver of this immunity under the circumstances presented and has failed to state a claim for relief. Plaintiff sets forth a number of claims that are constitutional in nature. See Compl. at ¶¶ 28, 32. Accordingly, her claims are still barred by the FTCA. By its terms, the FTCA exposes the United States to liability only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Courts have interpreted this to mean that only claims under state law are cognizable under the FTCA, and that the United States has not rendered itself liable for constitutional tort claims. FDIC v. Meyer, 510 U.S. 471, 477-78 (1994) ([b]y definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right). The United States is therefore not liable for the constitutional torts of its employees. Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316-17 (D.D.C. 1985). Therefore, dismissal of any cognizable constitutional claim, pursuant to the FTCA, is proper as to Plaintiff's official-capacity suit.

## C. Plaintiff's Individual Capacity Suit is Defective and Should be Dismissed.

### 1. Plaintiff has failed to effect proper service of Defendant, requiring dismissal of this suit pursuant to Fed. R. Civ. P. 12(b)(2), (4) and (5).

Although Federal Defendants probably have little basis to challenge Plaintiff's method of service for purposes of his official capacity suit, Plaintiff clearly has failed to effect proper service for purposes of her individual capacity suit. The Court lacks personal jurisdiction over the the Federal Defendants due to the absence of proper service of process. It is well-established that in an action against a federal employee in that employee's individual capacity, the Plaintiff must serve the defendant with process in accordance with rules applicable to individual defendants. See Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997); Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Navy, Marshall & Gordon v. U.S. International Development-Corporation Agency, 557 F. Supp. 484, 489 (D.D.C. 1983); Delgado v. Bureau of Prisons, 727 F. Supp. 24 (D.D.C. 1989).

Fed. R. Civ. P. 4 requires that a copy of the summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there. Service on the Attorney General of the United States and the United States Attorney for the district in which the action is brought, pursuant to the rules applicable to official capacity suits, "does not obviate the requirement of personal service . . . where the action is in substance against a federal official in his individual capacity." Lawrence, 79 F.R.D. at 670; Delgado, 727 F. Supp. at 27.

Where, as here, Plaintiff seeks relief against a federal official in that official's individual capacity, the Court must acquire personal jurisdiction in order to enter a binding judgment, Ali v.

District of Columbia, 278 F.3d 1, 7 (D.C. Cir. 2002); Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984), overruled on other grounds by Kauffman v. Anglo-American School of Sofia, 28 F.3d 1223 (D.C. Cir. 1994); Griffith v. Nixon, 518 F.2d 1195 (2d Cir.), cert. denied, 423 U.S. 995 (1975), and the general rule is that a plaintiff has the burden of establishing personal jurisdiction. Reuber, supra at 1052. Because the record in this action does not establish proper personal service upon the Federal Defendants in their individual capacities, see id., any claim against them in their individual capacities is subject to dismissal.

>    **2.    Even If Plaintiff's Constitutional Claims are Valid, Federal Defendants Enjoy Qualified Immunity Against Individual Capacity Liability.**

The Supreme Court has stated in Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982), that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id., citing Procunier v. Navarette, 434 U.S. 555, 565, 98 S.Ct. 855, 861 (1978); Wood v. Strickland, 420 U.S.308, 322 (1975); accord, Wilson v. Layne, 526 U.S. 603, 609 (1999); Crawford-El v. Britton, 523 U.S. 574, 587-88 (1998). "'[C]learly established' for purposes of qualified immunity means that '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Id. at 615, quoting Anderson, 483 U.S. at 640. Without specifying what act was committed or what conduct was involved, Plaintiff makes a number of baseless allegations against Federal Defendants for constitutional violations alleged committed against Mr. Powers. However, given Plaintiff's claims are based on pure speculation, stemming solely from evidence of injury to Mr. Powers' body, none of these claims set forth constitutional violations. Even accepting the

allegations of the Complaint in a light most favorable to the Plaintiff, Plaintiff cannot establish that only the police had responsibility for whatever caused the injury to Mr. Powers' body. Because Plaintiff cannot maintain that the Federal Defendants violated any of Mr. Powers' clearly established rights, the Federal Defendants should enjoy qualified immunity, subjecting Plaintiff's claims to dismissal.[1]

---

[1] Moreover, individual liability for damages for violation of constitutional rights is predicated upon personal responsibility. Schultz v. Baumgart, 738 F.2d 231, 238 (7th Cir. 1984). Plaintiff's speculative claims cannot establish personal responsibility of the Federal Defendants. For the same reason, as well as failure to state a valid claim, Plaintiff's state-law equivalent claims also fail.

## IV. CONCLUSION

WHEREFORE, Federal Defendants respectfully submit that this motion to dismiss should be granted.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

December 6, 2006