IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PATRICIA A. POWERS-BUNCE, Individually, | * | |
| And as Personal Representative of the | * | |
| ESTATE OF TERENCE ANTHONY POWERS | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 06-1586 (RMC) |
| | * | |
| DISTRICT OF COLUMBIA, *et al.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

## <u>OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS</u>

COMES NOW Plaintiff Patricia A. Powers-Bunce, Individually, and as Personal

Representative of the Estate of Terence Anthony Powers, and hereby Opposes Federal

Defendants' Motion to Dismiss.  A Memorandum of Points and Authorities in Support of

Plaintiff's Opposition is attached hereto and incorporated herein.

Respectfully Submitted,

Rifkin, Livingston, Levitan & Silver, LLC

/S/

M. Celeste Bruce, Esquire
Bar No.: 438343

Ellen B. Flynn, Esquire
Bar No.: 465355

6305 Ivy Lane, Suite 500
Greenbelt, Maryland 20770

(301) 345-7700 phone
(301) 345-1294 facsimile

Dated:      January 17, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PATRICIA A. POWERS-BUNCE, Individually, | * | |
| And as Personal Representative of the | * | |
| ESTATE OF TERENCE ANTHONY POWERS | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 06-1586 (RMC) |
| | * | |
| DISTRICT OF COLUMBIA, *et al.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS

### I.      Introduction.

This case is about compound civil rights violations which ultimately resulted in the death of Mr. Powers.  It is the Plaintiff's allegation that Defendants' conducted an unlawful stop, unlawful search, unlawful detainment without properly bringing charges or even processing Mr. Powers, inflicted physical injuries on Mr. Powers while he was in custody, and failed to the follow police procedure which was designed to protect detainees and could have saved Mr. Powers' life and protected him from injury.

### II.      Factual Allegations.

Plaintiff's Complaint for Violation of Civil Rights, Other Causes of Action and Damages ("the Complaint") was filed on July 14, 2006 in the Superior Court for the District of Columbia. The Complaint alleges on July 15, 2004, Terence Anthony Powers was unlawfully arrested and/or picked up and transported by Defendants Brudyn and Giles of the United States Secret Service, after they had unlawfully stopped Mr. Powers for allegedly running a red light at the

intersection of Massachusetts Avenue and Dupont Circle, Northwest, Washington, D.C. (Complaint at ¶ 10). Plaintiff alleges that Mr. Powers was followed by these two Secret Service Officers for approximately seventeen (17) city blocks between the location of the alleged traffic violation and the stop. (Complaint at ¶ 12). Pursuant to uncorroborated information gleaned from the report provided by law enforcement personnel at the time of his death (as opposed to a report generated contemporaneously with the stop or even once they arrived at the precinct when a detainee would normally be booked and processed), the Defendants claim that Mr. Powers was observed retrieving an object from behind the passenger seat of his vehicle and placing it in a cigarette box. (Complaint at ¶ 14). Allegedly, inside the cigarette box were five (5) plastic bags containing a white powder substance that allegedly tested positive for cocaine although lab reports confirming this have not been made available to Plaintiff. (Complaint at ¶ 14). Mr. Powers was transported to the 3rd Precinct of the Metropolitan Police Department by the United States Secret Service. (Complaint at ¶ 16). At or around 0200 hours, Mr. Powers, who was Caucasian and gay, was placed in a jail cell, isolating him from the general detainees. The view into the jail cell was partially blocked from view. Mr. Powers, who had earlier allegedly expressed concern about facing possible jail time was left alone in this isolated area and not permitted to make a phone call or make any other contact. (Complaint at ¶ 17). Mr. Powers was never formally processed by the USSS or the MPD. (Complaint at ¶ 18). In violation of the general orders, policies and procedures of the MPD requiring the Defendants to check on a detainee at least every thirty minutes, the Defendants failed to check on Mr. Powers while he was alone in his cell between 0230 and 0416. (Complaint at ¶ 21). Mr. Powers was allegedly found hanging in the cell at 0416. The Medical Examiner, Dr. Constance Diangelo ruled the cause of death as suicide by hanging. (Complaint at ¶ 24). Dr. Diangelo also documented contusions to

the lateral chest, back, thighs and shins of Mr. Powers' body. (Complaint at ¶ 25). An independent medical examiner found that some of the bruising to Mr. Powers' back, buttocks and legs was consistent with inflicted blows and excessive force used upon him by police officer night sticks. (Complaint at ¶ 26). Interestingly, despite a general order and policy that the areas of confinement be videotaped, there is no videotape of Mr. Powers' confinement. (Complaint at ¶ 30).

The Complaint contains six counts. Count One alleges violations of civil rights, including an unlawful stop, illegal search, unreasonable segregation of Mr. Powers, intentionally failing to monitor him in violation of the MPD general orders and deliberate indifference for his safety and well being, and the use of unreasonable and unnecessary force all causing Mr. Powers to suffer conscious pain and suffering, and ultimately death. (Complaint at ¶¶ 28-32) Count II alleges intentional infliction of emotional distress. The Complaint alleges that the anxiety and mental anguish inflicted by the Defendants resulted from their use of unreasonable and unnecessary force, as well as their unreasonable isolation of him. (Complaint at ¶¶ 35-36) Count III alleges Gross Negligence in the Defendants' wanton and reckless disregard for the rights of Mr. Powers, and for his safety while in custody, including failing to observe and monitor him thus permitting him to commit suicide allegedly without another person seeing him, hearing him or coming to his aid. (Complaint at ¶¶38-39). Counts IV and V allege Survival and Wrongful Death Actions respectively. Count VI alleges direct liability of the District of Columbia for failure to train and supervise allegedly constituting gross negligence and deliberate indifference to the safety of detainees in disregard to their constitutional rights.

The Defendants removed the case to the United States Court for the District of Columbia on or about September 13, 2006.

### III.    Legal Standard.

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint should not be dismissed unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4t Cir. 2005); Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, when such a dismissal involves a civil rights complaint, "we must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Harrison v. United States Postal Serv., 840 F.2d 1149 (4th Cir. 1988) (internal quotation marks omitted).

A court may grant a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957). When reviewing a motion to dismiss, a court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations" and examines only the legal sufficiency of the complaint. Id. While the court must view the facts in a light most favorable to the plaintiff, the court "need not accept the legal conclusions drawn from the facts," nor should it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Markets, Inc. v. J.D. Associates, Ltd. Partnership, 213 F.3d 175 (4th Cir. 2000). A judge may not grant a 12(b)(6) motion based on a

disbelief of a complaint's factual allegations. <u>Wright v. MetroHealth Medical Center</u>, 58 F.3d 1130, 1138 (6th Cir. )

The Federal Rules of Civil Procedure provide a powerful presumption against rejecting pleadings for failure to state a claim.  Rule 8 sets aside the hypertechnical pleading rules by requiring nothing more than a plain recitation of the facts that a party believes entitles her to relief. Thus, although Rule 12(b)(6) authorizes prompt dismissal of claims where the party's belief proves mistaken, its sanction extends only to a formal testing of the legal sufficiency of the factual basis the pleader asserts in support of her claim.

The Rules also protect parties who have tried but have not completely succeeded in stating a claim.  Rule 15 authorizes amendments that seek, among other things, to cure pleading defects.  Under Fed. R. Civ. P. 15(a), a plaintiff may amend his complaint one time as a matter of course before the defendant files a responsive pleading. Fed. R. Civ. P. 15(a). Once the defendant files a responsive pleading, however, the plaintiff may amend his complaint only by leave of the court or by written consent of the defendant.  <u>Id.</u>  Rule 15(a) directs that leave to amend "shall be freely given when justice so requires."  <u>Id.</u>  This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities. *See* <u>Conley v. Gibson</u>, 355 U.S. 41, 48, 78 S.ct. 99 (1957)(" The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."); <u>Ostrzenski v. Seigel</u>, 177 F.3d 245, 252-53 (4th Cir. 1999)("The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that [the] plaintiff be given every opportunity to cure a formal defect in his pleading." (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure*

§ 1357 (2d ed. 1990))).

The Courts have interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *See* Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962).  Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing.  A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." Id. An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred. David v. Piper Aircraft Co., 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.").

    **IV.   Argument.**

        **A.    This Court Does not Lack Subject Matter Jurisdiction Over Plaintiff's Claims.**

The Federal Defendants argue, and Plaintiff concedes, that at the time this action was initially filed, the administrative requirements of the Federal Torts Claims Act ("FTCA") had not yet been fully satisfied.  To establish a claim against the United States under the FTCA, the conditions contained in 28 U.S.C. § 2675 must be met.  Section 2675 provides for the presentment of a claimant's claim to the appropriate Federal agency, and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  See, 28 U.S.C. § 2675(a).  However, 28 U.S.C. § 2675(a) also provides that the failure of an agency to

make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial.  Id.

In this case, the Plaintiff satisfied the presentment requirements on or about July 13, 2006 when a Notice of Claim, together with a Form 95 was sent to the United States Secret Service. (See Exhibit 1).  The Federal Defendants concede that Plaintiff has satisfied the presentment requirements.  The Federal Defendants take issue with Plaintiff's failure to await the final disposition of the claim for filing the Complaint.  Assuming for the sake of discussion that the Federal Defendants are correct, the six month time period for disposition of the Plaintiff's claim under the administrative requirements of 28 U.S.C. § 2675(a) will (has) expire(d) on January 18, 2007.  Since the action against the District Defendants, and the action against the Federal Defendants are so closely related, judicial economy suggests that the Court permit the Plaintiff to file an Amended Complaint appropriately suggesting that the administrative requirements have now been fully satisfied and exhausted such that this Court has jurisdiction over the Plaintiff's claims against the Federal Defendants.

**B.      Plaintiff's Claims of an Unlawful Stop, Search, Detainment, Excessive Force, and Deliberate Disregard for the Safety and Welfare of Mr. Powers are Applicable to the Federal Defendants.**

The Federal Defendants next argue that they are not subject to suit because of governmental immunity that has not been explicitly waived by statute.  However, in Bivens v. Six Unknown Named Agent of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), the United States Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action in federal court under 28 U.S.C. § 1331.  As it is now known, a "*Bivens* action" is analogous to an action under 41 U.S.C. § 1983, the only difference

being that § 1983 applies to constitutional violations by state, rather than federal, officials.

Evans v. Ball, 168 F.3d 856, 863 n.10 (5th Cir. 1999).

28 U.S.C.S. § 1346 (b) grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and "rendered" itself liable. This category includes claims that are: (1) against the United States, (2) for money damages, (3) for injury or loss of property, or personal injury or death, (4) caused by the negligent or wrongful act or omission of any employee of the government, (5) while acting within the scope of his office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. A claim comes within this jurisdictional grant, and thus is "cognizable" under § 1346(b), if it is actionable under § 1346(b).  Plaintiff's claims clearly fall under this statute.

### C.     Plaintiff's Individual Capacity Suit has been Appropriately Plead.

The Federal Defendants suggest that this Court lacks personal jurisdiction because the Plaintiff has failed to meet the requirements of Fed. R. Civ. P. 4.  However, the Federal Defendants have not provided any Affidavit for this Court's consideration to indicate that they did not in fact receive personal service.  At the time of service by hand delivery of the U.S. Secret Service Agents, James F. Boyd, Process Server, personally went to the U.S. Secret Service, Uniform Division, 245 Murray Drive, Building 410, Washington, D.C. 20223 where the individual agents are employed.  See Exhibit No. 2, Affidavit of Service of Officer Michael Burdyn; and Exhibit No. 3, Affidavit of Service for Sergeant B. Giles.  Mr. Boyd was informed that Michael Meenan, Esquire, General Counsel/Attorney Advisor, U.S. Secret Service, Uniform Division, 950 H Street, N.W., Washington, D.C., was authorized to accept service on behalf of

9

the individual U.S. Secret Service Agents, Officer Michael Burdyn and Sergeant B. Giles.  <u>See</u>,

Exhibit No. 4, Affidavit of James F. Boyd.  After reviewing the Summons and Complaint for the

individual defendants, Michael Meenan confirmed for James F. Boyd that he was authorized to

accept service on behalf of the individual agents.  <u>Id</u>.

   Nonetheless, any alleged defect in the personal service of the *individual* Federal

Defendants can certainly be remedied, and the Plaintiff would respectfully request that this

Honorable Court reissue summons such that personal service on the *individual* Federal

Defendants could be established without question.

### D.    The Federal Defendants to Not Necessarily Enjoy Qualified Immunity Against Individual Capacity Liability.

   The qualified immunity rules apply equally in suits against state officers under § 1983

and suits against federal officers under <u>Bivens</u>.  <u>Davis v. Scherer</u>, 468 U.S. 183, 194 n.12, 104

S.Ct. 3012 (1984). Qualified immunity is not the law simply to save trouble for the Government

and its employees; it is recognized because the burden of trial is unjustified in the face of a

colorable claim that the law on point was not clear when the official took action, and the action

was reasonable in light of the law as it was.  In this case, however, the allegations made by the

Plaintiff relate to violations of clearly established rights.  Plaintiff has alleged an unlawful stop,

an unlawful search, excessive force, and deliberate indifference to the health of Mr. Powers.

Qualified immunity protects public officials from individual liability in a 1983 action unless the

officials violated 'clearly established . . . constitutional rights of which a reasonable person would

have known.'" <u>Workman v. Jordan</u>, 32 F.3d at 478 (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800,

102 S.Ct. 2727 (1982)  To successfully rebut a defense of qualified immunity, the plaintiff must

show (1) "that the defendant's actions violated a constitutional or statutory right," and (2) that the

right "allegedly violated [was] clearly established at the time of the conduct at issue."

In 1989 the Supreme Court decided Graham v. Connor, 490 U.S. 386, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989), and directed lower courts to analyze constitutional claims of excessive force by applying Fourth Amendment standards of objective reasonableness. See id. at 395 ("Today we make explicit . . . that all claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ."). The 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the  officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397.  The Supreme Court further clarified its test for qualified immunity in excessive force cases laid down in the Graham Court in Saucier v. Katz, 121 S.Ct. 2151 (2001) when it enunciated a two-part inquiry: the threshold question is, "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" 121 S.Ct. at 2156.  The Supreme Court of the United States has defined the test for excessive force, therefore the prohibition against a law enforcement official's use of excessive force is clearly established. The individual Federal Defendants to not attempt to challenge whether the other constitutional violations alleged in the Plaintiff's Complaint were clearly established in their Motion.  As such, the Defendants are not entitled to dismissal.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Honorable Court deny the Federal Defendants' Motion to Dismiss, or in the alternative permit the Plaintiff leave to amend the Complaint.

**REQUEST FOR HEARING**

Plaintiff hereby respectfully requests this matter be set in for a hearing on Defendants' Motion to Dismiss.

Respectfully Submitted,

Rifkin, Livingston, Levitan & Silver, LLC

/S/

_____

M. Celeste Bruce, Esquire
Bar No.: 438343

Ellen B. Flynn, Esquire
Bar No.: 465355

6305 Ivy Lane, Suite 500
Greenbelt, Maryland 20770

(301) 345-7700 phone
(301) 345-1294 facsimile

Dated: January 17, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICIA A. POWERS-BUNCE, Individually,    *
And as Personal Representative of the      *
ESTATE OF TERENCE ANTHONY POWERS           *
                                           *
     Plaintiff,                            *
                                           *
v.                                         *    Case No. 06-1586 (RMC)
                                           *
DISTRICT OF COLUMBIA, *et al.*             *
                                           *
     Defendants.                           *
_____    *

**<u>ORDER</u>**

UPON CONSIDERATION of Plaintiffs' Opposition to Federal Defendants' Motion to Dismiss, and for good cause shown, it is this _____ day of _____, 2007, hereby and the same

ORDERED that Federal Defendants' Motion to Dismiss is hereby and the same DENIED.


                                  _____
                                    Judge, United States District Court for the
                                    District of Columbia