**TO:** Mark J. Sullivan, Director
United States Secret Service
245 Murray Drive, Building 410
Washington, DC 20223

**SENDER:** M. Celeste Bruce (07.13.06)

**REFERENCE:** Powers

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | 0.87 |
|---|---|---|
| | Certified Fee | 2.40 < |
| | Return Receipt Fee | 1.85 |
| | Restricted Delivery | 0.00 |
| | Total Postage & Fees | 5.12 |

US Postal Service          POSTMARK OR DATE

**Receipt for Certified Mail**

No Insurance Coverage Provided
Do Not Use for International Mail

# RIFKIN, LIVINGSTON, LEVITAN & SILVER, LLC
ATTORNEYS AT LAW

ALAN M. RIFKIN
SCOTT A. LIVINGSTON (MD, DC)
LAURENCE LEVITAN
EDGAR P. SILVER†
MICHAEL V. JOHANSEN
JOEL D. ROZNER (MD, DC)
MELVIN A. STEINBERG†
RICHARD K. REED
NORMAN D. RIVERA
LANCE W. BILLINGSLEY†
PATRICK H. RODDY
M. CELESTE BRUCE (MD, DC)
JAMIE B. EISENBERG (MD, DC, NY)
CAROLYN JACOBS
ELLEN B. FLYNN (MD, DC, CT)
LYDIA B. HOOVER
GERALDINE VALENTINO†
LEWIS S. GOODMAN†
TIMOTHY K. HOGAN†
ERIC LEE BRYANT
KAREN K. PASCIUTO
MICHAEL S. NAGY (MD, VA)
ROTRICA S. NEAL
MEGAN M. BRAMBLE
ELIZABETH K. MILLER†

6305 IVY LANE • SUITE 500
GREENBELT, MARYLAND 20770
(301) 345-7700 • FAX (301) 345-1294
E-MAIL: RLLS@RLLS.COM

LEGG MASON CENTER • SUITE 305
600 WASHINGTON AVENUE
TOWSON, MARYLAND 21204
(410) 583-9433 • FAX (410) 583-9439

225 DUKE OF GLOUCESTER STREET
ANNAPOLIS, MARYLAND 21401
(410) 269-5066 • FAX (410) 269-1235

1133 21ST STREET, NW
WASHINGTON, DC 20007
(202) 639-0349

† OF COUNSEL

*Via Certified Mail/Return Receipt Requested*

July 13, 2006

Mark J. Sullivan, Director
United States Secret Service
245 Murray Drive, Building 410
Washington, DC 20223

                 Re:     **NOTICE OF CLAIM** – Federal Tort Claims Act
                               *Estate of Terence Anthony Powers*
                               *Date of Incident: July 15, 2004*

Dear Director Sullivan:

       Please accept this letter and the enclosed Standard Form 95 and copy of the arrest report for the incident at issue as Patricia A. Powers-Bunce's written notice of claim, Individually, and as Personal Representative of the Estate of Terence Anthony Roberts.

       Thank you for your attention to this matter. Should you have any questions, please do not hesitate to contact me.

                                                                  Very truly yours,

                                                                  M. Celeste Bruce

Sullivan
July 13, 2006
Page 2

Enclosures

cc: Ms.Kathy Sease
    Chief Counsel's Office
    United States Secret Service

7106 3901 9849 6098 1320

**TO:** Kathy Sease, Paralegal Specialist
Chief Counsel's Office
United States Secret Service
950 H Street, NW, Suite 8300
Washington, DC 20223

**SENDER:** M. Celeste Bruce (07.13.06)

**REFERENCE:** Powers

| PS Form 3800, January 2005 | | |
|---|---|---|
| RETURN RECEIPT SERVICE | Postage | 0.87 |
| | Certified Fee | 2.40 |
| | Return Receipt Fee | 1.85 |
| | Restricted Delivery | 0.00 |
| | Total Postage & Fees | 5.12 |

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

# RIFKIN, LIVINGSTON, LEVITAN & SILVER, LLC
ATTORNEYS AT LAW

ALAN M. RIFKIN
SCOTT A. LIVINGSTON (MD, DC)
LAURENCE LEVITAN
EDGAR P. SILVER†
MICHAEL V. JOHANSEN
JOEL D. ROZNER (MD, DC)
MELVIN A. STEINBERG†
RICHARD K. REED
NORMAN D. RIVERA
LANCE W. BILLINGSLEY†
PATRICK H. RODDY
M. CELESTE BRUCE (MD, DC)
JAMIE B. EISENBERG (MD, DC, NY)
CAROLYN JACOBS
ELLEN B. FLYNN (MD, DC, CT)
LYDIA B. HOOVER
GERALDINE VALENTINO†
LEWIS S. GOODMAN†
TIMOTHY K. HOGAN†
ERIC LEE BRYANT
KAREN K. PASCIUTO
MICHAEL S. NAGY (MD, VA)
ROTRICA S. NEAL
MEGAN M. BRAMBLE
ELIZABETH K. MILLER†

† OF COUNSEL

6305 IVY LANE • SUITE 500
GREENBELT, MARYLAND 20770
(301) 345-7700 • FAX (301) 345-1294
E-MAIL: RLLS@RLLS.COM

LEGG MASON CENTER • SUITE 305
600 WASHINGTON AVENUE
TOWSON, MARYLAND 21204
(410) 583-9433 • FAX (410) 583-9439

225 DUKE OF GLOUCESTER STREET
ANNAPOLIS, MARYLAND 21401
(410) 269-5066 • FAX (410) 269-1235

1133 21ST STREET, NW
WASHINGTON, DC 20007
(202) 639-0349

*Via Certified Mail/Return Receipt Requested*

July 13, 2006

Ms. Kathy Sease, Paralegal Specialist
Chief Counsel's Office
United States Secret Service
950 H St. N.W. Suite 8300
Washington, DC 20223

Re:   **NOTICE OF CLAIM** – Federal Tort Claims Act
      *Estate of Terence Anthony Powers*
      *Date of Incident: July 15, 2004*

Dear Ms. Sease:

Please accept this letter and the enclosed Standard Form 95 and copy of the arrest report for the incident at issue as Patricia A. Powers-Bunce's written notice of claim, Individually, and as Personal Representative of the Estate of Terence Anthony Roberts.

Thank you for your attention to this matter. Should you have any questions, please do not hesitate to contact me.

Very truly yours,

M. Celeste Bruce

Sease
July 13, 2006
Page 2


Enclosures

cc: Mark J. Sullivan, Director
    United States Secret Service

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Mark J. Sullivan, Director<br>United States Secret Service<br>245 Murray Drive, Building 410<br>Washington, DC 20223 | Estate of Terrence Anthony Powers c/o<br>M. Celeste Bruce, Esq. Rifkin, Livingston, Levitan & Silver, LLC<br>6305 Ivy Lane, Suite 500<br>Greenbelt, MD 20770 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  [X] CIVILIAN | 4. DATE OF BIRTH | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>July 15, 2004 | 7. TIME (A.M. or P.M.)<br>4:16 am |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

See attached Statement of Claim and Arrest Report.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
n/a

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
Injuries sustained when arrested by uniformed Secret Service Officer.

11. **WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| No one witnessed the death of Mr. Powers. Arresting officers: Officer Burdyn and Giles. | |

12. (See instructions on reverse)   AMOUNT OF CLAIM (In dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
|  | 10,000,000.00 | 10,000,000.00 | 20,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory<br>301-345-7700 | 14. DATE OF CLAIM<br>7/13/06 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109   NSN 7540-00-634-4046   STANDARD FORM 95 (Rev. 7-85) (EG)
Previous editions not usable.   PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

### INSTRUCTIONS
Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
    Civil Division
    U.S. Department of Justice
    Washington, DC 20530

and to the
    Office of Management and Budget
    Paperwork Reduction Project (1105-0008)
    Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☐ No

n/a

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

n/a

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

n/a

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* ☐ No

n/a

SF 95 (Rev. 7-85) BACK

# Metropolitan Police Department — Incident-Based Event Report
Washington, D.C.

## PART I – CLASSIFICATION OF EVENT

**TYPE OF REPORT:** ● Offense ○ Incident

**DATE AND TIME OF EVENT**
- Start Date: 04/15/04  Start Time: 00:39
- End Date: 04/15/04    End Time: 04:10

**DATE OF REPORT:** 04/15/04  **TIME OF REPORT:** 04:30

**DISTRICT:** 3  **SECTOR:** 3  **BEAT:** 308  **COMPLAINT NUMBER:** 097583

**EVENT LOCATION ADDRESS:** 776 Massachusetts Ave. N.W. — ● In front of

**REPORT RECEIVED BY:** ● On-scene

**IS RADIO RUN LOCATION AND EVENT LOCATION THE SAME?** (blank)

**PROPERTY TYPE:** ● Public

**EVENT NO. 1:** CSA-PWID Cocaine
**EVENT NO. 2:** Suicide (While in Custody)
**EVENT NO. 3:** (blank)

**FORCED ENTRY:** (blank)  **POINT OF ENTRY:** (blank)

**WEATHER CONDITIONS:** ● Not applicable

**SUSPECTED HATE CRIME?** None

**SECURITY SYSTEM:** (none marked)

**LOCATION TYPE:** ● Street/Highway/Road

**DESIGNATED AREAS:** (none marked)

## PART II – VICTIM INFORMATION

### Complainant/Victim No. 1
**Name:** Michael E. Burdyn
**Related to Event No(s):** 1
**Victim Type:** ● Police officer
**Date of Birth:** (blank)  **Age Range:** (blank)  **Sex:** (blank)
**Home Phone:** ( )
**Business Phone:** (202) 634-2234
**Race/Ethnicity:** (none marked)
**Home Address:** (blank)
**Business Address/School:** 3507 International Dr. N.W.
**Occupation:** (blank)  **Is Event Related to Occupation?:** (blank)

### Complainant/Victim No. 2
**Name:** Powers, Terence A.
**Related to Event No(s):** 2
**Victim Type:** ● Individual
**Date of Birth:** 02/23/66  **Age Range:** 18-65 yrs.  **Sex:** ● Male
**Home Phone:** (202) 607-8271
**Business Phone:** ( )
**Race/Ethnicity:** (none marked clearly)
**Home Address:** 1600 T St, NW Apt #7
**Business Address/School:** (blank)
**Occupation:** (blank)  **Is Event Related to Occupation?:** ● No

**STATUS:** ● Closed
**REVIEWER:** (signature)

## PART I (continued)

| | | |
|---|---|---|
| IS VICTIM #1 THE REPORTING PERSON? IF NO, ENTER THE NAME, ADDRESS AND PHONE NUMBER OF THE REPORTING PERSON. ● Yes ○ No | Name: _____ Address: _____ | Phone-Area Code: _____ |
| DID THE REPORTED EVENT OCCUR AS A RESULT OF AN INTRA-FAMILY MATTER? ○ Yes ○ No | WAS PD FORM 378A ISSUED? ○ Yes ○ No | IS CPO/TPO OUTSTANDING? ○ Yes ○ No ○ Unknown   IF YES, ENTER CPO/TPO #: _____ |

### INJURIES

Use the following codes to describe injuries. (Mark all that apply)

- N = None Visible
- M = Apparent Minor Injury
- B = Apparent Broken Bones
- O = Other Major Injury
- I = Possible Internal Injury
- G = Gunshot
- L = Severe Laceration
- T = Loss of Teeth
- U = Unconscious

| INJURED | NUMBER | INJURY CODE | DESCRIBE INJURY | WHERE TAKEN | BY WHOM | DCFD AMB. | DCFD AMB. # | STATUS |
|---|---|---|---|---|---|---|---|---|
| ○ Victim ○ Suspect | ①②③④⑤ ⑥⑦⑧⑨ | Ⓝ Ⓜ Ⓑ Ⓞ Ⓘ Ⓖ Ⓛ Ⓣ Ⓤ | | | | ○ Yes ○ No | | ○ Admitted ○ Released |
| ○ Victim ○ Suspect | ①②③④⑤ ⑥⑦⑧⑨ | Ⓝ Ⓜ Ⓑ Ⓞ Ⓘ Ⓖ Ⓛ Ⓣ Ⓤ | | | | ○ Yes ○ No | | ○ Admitted ○ Released |
| ○ Victim ○ Suspect | ①②③④⑤ ⑥⑦⑧⑨ | Ⓝ Ⓜ Ⓑ Ⓞ Ⓘ Ⓖ Ⓛ Ⓣ Ⓤ | | | | ○ Yes ○ No | | ○ Admitted ○ Released |
| ○ Victim ○ Suspect | ①②③④⑤ ⑥⑦⑧⑨ | Ⓝ Ⓜ Ⓑ Ⓞ Ⓘ Ⓖ Ⓛ Ⓣ Ⓤ | | | | ○ Yes ○ No | | ○ Admitted ○ Released |

## PART III - PROPERTY

Codes:
- S = Stolen
- E = Evidence
- R = Recovered
- F = Found
- I = Impounded
- V = Vehicle from which theft occurred
- D = Alleged drug type
- L = Lost
- P = Suspected proceeds of crime
- O = Other

a. Property Book & Page No.   b. Location of Property Book

| Code | Description of Item(s) | Serial Number/Operation ID No. | Model No. | Color | Size | Quantity | Comp. Value | Age | MPDC Value |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

### VEHICLE INFORMATION

Vehicle operated/used by: ○ Victim  ○ Suspect  ○ Victim's vehicle taken by suspect

| Code | Year | Make | Model | Color | Body | Tag No./State/Year | VIN |
|---|---|---|---|---|---|---|---|
| I/E | 1994 | Mazda | Miata | Blk | 2-Door | HXB-066/MD/04 | JM1NA353XR0501062 |

## PART IV - SUSPECT/MISSING PERSON INFORMATION (Use narrative for additional space if needed)

### #1

| | a. Race | b. Sex | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|
| ● Suspect ○ Missing | ○ Asian ● White ○ Black ○ Latino/Hispanic | ○ Unknown ● Male ○ Female ○ Unknown ○ Other | 38 | 5'9" | 165 | HAZEL | Brown |

| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using |
|---|---|---|---|---|---|---|---|---|
| Light | | | | | | Blue Jeans | Black | ○ Alcohol ○ Drugs ○ Computer ○ N/A |

q. Weapons Used in Offense (Mark all that apply)

Firearm: ○ Handgun ○ Shotgun ○ Other firearm ○ Revolver ○ Semi-automatic ○ Rifle ○ Automatic

Other: ○ Cutting instrument ○ Hands/Feet/Teeth ○ Other (specify) ○ Blunt object ○ None ○ Motor vehicle ○ Unknown

Color | Make | Model | Caliber

### #2

| | a. Race | b. Sex | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|
| ○ Suspect ○ Missing | ○ Asian ○ White ○ Black ○ Latino/Hispanic | ○ Unknown ○ Male ○ Female ○ Unknown ○ Other | | | | | |

| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ○ Alcohol ○ Drugs ○ Computer ○ N/A |

q. Weapons Used in Offense (Mark all that apply)

Firearm: ○ Handgun ○ Shotgun ○ Other firearm ○ Revolver ○ Semi-automatic ○ Rifle ○ Automatic

Other: ○ Cutting instrument ○ Hands/Feet/Teeth ○ Other (specify) ○ Blunt object ○ None ○ Motor vehicle ○ Unknown

Color | Make | Model | Caliber

### #3

| | a. Race | b. Sex | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|
| ○ Suspect ○ Missing | ○ Asian ○ White ○ Black ○ Latino/Hispanic | ○ Unknown ○ Male ○ Female ○ Unknown ○ Other | | | | | |

| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ○ Alcohol ○ Drugs ○ Computer ○ N/A |

q. Weapons Used in Offense (Mark all that apply)

Firearm: ○ Handgun ○ Shotgun ○ Other firearm ○ Revolver ○ Semi-automatic ○ Rifle ○ Automatic

Other: ○ Cutting instrument ○ Hands/Feet/Teeth ○ Other (specify) ○ Blunt object ○ None ○ Motor vehicle ○ Unknown

Color | Make | Model | Caliber

*Value of vehicles to be entered by Information Processing section   CCN 097-583   PAGE 2

## PART V MISSING PERSONS

| | | | | |
|---|---|---|---|---|
| PROBABLE CAUSE OF ABSENCE AND DESTINATION | | | | COMPLAINT NUMBER 097585 |
| IF MISSING PERSON HAS RUN AWAY BEFORE, GIVE DATE AND WHERE LOCATED: | CLASSIFICATION ○ Critical ○ Non-critical | CLASSIFIED BY: | | |
| PHYSICAL/MENTAL CONDITION (i.e., diabetic) | DESCRIBE ARTICLES OF JEWELRY WORN AND IDENTIFICATION CARRIED | NAME OF PARENT/GUARDIAN | | |
| ADDRESS OF PARENT/GUARDIAN | IF JUVENILE, ENTER MOTHER'S MAIDEN NAME | MISSING PERSON SECTION NOTIFIED (Name) | | |

### NARRATIVE — Describe event and action taken. If additional narrative space is needed, use PD Form 251-A.

Item Number Continued

On the reverse date and time C2 was observed operating the listed auto in section #60 traveling eastbound in the unit block of Mass. Ave. N.W. I observed him pass the red traffic light at the intersection of Mass. Ave. and Dupont Circle. A traffic stop was effected in front of 1776 Mass. Ave. N.W. C2 was observed retrieving an object from behind the passenger seat and placed them into a cigarette box. A Wales check revealed that C2 permit status was suspended. The cigarette box contained 5 clear plastic zips containing a white powder substance, that field tested positive for cocaine.

C-O-C - D1/Cigarette box/McQueen/AO/Cockrell/3D Property Book

C2 was placed under Arrest for UCSA-PWID and no DC Permit

C2/D1 WAS PLACED IN CELL #6 AT THE THIRD DISTRICT. HE WAS ALONE IN THE CELL AT APPROXIMATELY 0416 HOURS C2/D1 WAS FOUND IN AN UNCONCIOUS STATED AND NONE RESPONSIVE WITH HIS SOCKS TIED AROUND HIS NECK AND THE CELL BARS. MEDICAL PERSONNEL WAS SUMMONED. DC MEDIC #9 RESPONDED AND FOUND NO SIGNS CONSISTANT WITH LIFE. C2/D1 COMMITTED SUICIDE BY STRANGLING HIMSELF. C2/D1 WAS TRANSPORTED TO MEO BY MED WAGON #1 AND PRONOUNCED A 0835 by Dr. DIANGELO.

NOTIFICATIONS: MPD - OSD/VIOLENT CRIME UNIT, MPD-CRUISER 300/LT. Robinson MPD-FORCE INVESTIGATION TEAM, MPD CR 28 - CAPT. KEIGAN, CR 3030 Sgt. Gamble, 3D INSPECTOR D. GROOMES, SOCC

SCUDFMB NOTIFICATIONS: SGT. GILES-CR65, LT. BERRY-CR8, LT. RIGSBY-CR50 INSPECTOR JOSWIAK

| EVIDENCE TECHNICIAN/CSES # | NAME OF INVESTIGATOR NOTIFIED | TELETYPE NOTIFIED (Name) | NOTIFICATION ALSO REQUIRED WHENEVER MISSING PERSON LOCATED | TELETYPE W037300 |
|---|---|---|---|---|
| MC-Anderson #D0339 | CSD - WORRELL, J. | OFC Kumer | | |
| REPORTING OFFICER'S SIGNATURE | ELEMENT UD/FMB | OTHER POLICE AGENCY (Indicate if report prepared by officer other than MPD) ○ USCP ○ USSS ○ METRO TRANSIT ○ OTHER | SECOND OFFICER'S NAME Sgt B Giles | ELEMENT UD/FMB | SIGNATURE OF SUPERVISOR Sgt ... | ELEMENT 3D |

**Statement of Claim**
*Estate of Anthony Powers*
Form 95

      On July 15, 2004, the decedent, Terence Anthony Powers was arrested following a traffic stop for running a red light at the intersection of Massachusetts Avenue and DuPont Circle. The actual time of the traffic stop and subsequent arrest is undocumented, but it is clear that Mr. Power's was followed for approximately seventeen [17] city blocks between the area of the traffic violation and stop.

      A Washington Area Law Enforcement System check revealed his driving permit status was suspended. Pursuant to uncorroborated information, gleaned from the report provided by law enforcement personnel at the time of his death, Mr. Powers was observed retrieving an object from behind the passenger seat of his vehicle and placing it in a cigarette box. Inside the cigarette box were five (5) plastic bags containing a white powder substance that allegedly tested positive for cocaine, although DEA lab reports confirming this have not been made available.

      Mr. Powers was placed under arrest for possession with intent to distribute and for not having a valid drivers permit. At or around 0130 hours on July 15, 2004, Mr. Powers was taken to the 3rd Precinct of the Metropolitan Police Department, located at 16th and U Streets, NW, Washington D.C., by the United States Secret Service Uniform Division. At or around 0200 hours, Defendants, acting under color of law as police officers placed Mr. Powers, who was Caucasian and gay, in a holding cell isolating him from the general detainees. The holding cell was partially blocked from view. Mr. Powers, who expressed concern about facing possible jail time was then left alone in this isolated area and not permitted to make a phone call. He was never formally processed.

According to the Police Report, at or around 0230 hours, officers checked on Mr. Powers. At or around 0416 hours, no one checked on Mr. Powers at all during this intervening time span, Officers found Mr. Powers hanging from the bars of the holding cell by a pair of tube socks tied in a knot. There was no sign of life.

Medics were summoned and confirmed there was no sign consistent with life. Mr. Powers' body was transported to the Office of the Medical Examiner. Dr. Constance Diangelo, Medical Examiner, ruled the cause of death as suicide by hanging. Dr. Diangelo found abraded and muscle hemorrhage to the neck with compression and dry tissue of the neck. The laryngeal structure was found to be undamaged and intact. In addition, Dr. Diangelo documented contusions to the lateral chest, back, thighs and shins of Mr. Powers' body. There was no indication that Mr. Powers was combative at any time. An independent medical examiner found some of the bruising to the back, buttocks and legs of Mr. Powers' body to be consistent with inflicted blows and excessive force used upon Decedent.

Following a suspicious traffic stop and a questionable search of Mr. Powers vehicle and property, without which Mr. Powers would have been eligible for citation release and alive today, Officers unlawfully isolated Mr. Powers, intentionally failed to monitor him; and showed deliberate indifference for his safety and well being, thus, violating his constitutional rights under the 5th, 8th and 14th Amendments of the United States Constitution. The aforesaid intentional violation of Mr. Powers' rights by the use of unnecessary and unreasonable segregation techniques and force resulted in his death, which no one saw or heard.