## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PATRICIA A. POWERS-BUNCE | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 06-1586 (RMC) |
|  | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

## REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION
## TO FEDERAL DEFENDANTS' MOTION TO DISMISS

The Federal Defendants, through counsel, respectfully submit this reply memorandum to Plaintiff's memorandum in opposition to Defendants' motion to dismiss. Plaintiff's arguments fail to overcome the legal deficiencies of the Complaint, particularly lack of subject matter jurisdiction, and fail to explain adequately a viable theory of liability, given the inherently speculative nature of Plaintiff's claims. Accordingly, the Complaint should be dismissed.

## DISCUSSION

### I.    Plaintiff's Argument Supporting Subject Matter Jurisdiction is Clearly Flawed

The Court in Schuler v. United States, 628 F.2d 199 (D.C. Cir. 1980), in construing the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2401, held that the Section requires "a claimant [to] file a claim in writing to the appropriate Federal agency within 2 years after the claim accrues, and to . . . [file] a court action within 6 months of notice by certified or registered mail of a final decision of the claim by the agency to which it was presented." Id. at 201. The Schuler Court strictly construed this provision against the plaintiff, who had failed to file a claim

within six months of final agency action on the administrative claim. Id. at 201-202.[1]  The same

strict construction is appropriate in this case.

    While Plaintiff here filed an administrative claim and a district court complaint

contemporaneously, the outcome is no different.  The Court, under similar circumstances, in

Reynolds v. United States, 748 F.2d 291 (5th Cir. 1984), so held.  Construing the provisions of both

§ 2401 and § 2675 of the FTCA, the Reynolds Court explained its decision affirming dismissal of

the first complaint as follows,

> The district court dismissed Ms. Reynolds' first complaint because she filed it before
> the [Veterans Administration] sent her written notice of final denial of her claim.
> The court was clearly required to do so by the foregoing provisions [(§§ 2401 and
> 2675)], which are entirely unambiguous; it had no subject matter jurisdiction.  We
> so held in Gregory v. Mitchell, 634 F.2d 199 (5th Cir.1981):
>> Although appellants have filed an administrative claim for relief
>> against the FDIC as required by the FTCA, they concede they did not
>> await the required six month period prior to bringing this action, nor
>> was there the required formal denial.   Lacking jurisdiction, the
>> district court was required to dismiss the suit against the United
>> States.  Sparks v. Wyeth Laboratories, Inc., 431 F.Supp. 411 (W.D.
>> Okla.1977)....   Waivers of sovereign immunity must be strictly
>> construed.  **Section 2675 is more than a mere statement of
>> procedural niceties.   It requires that jurisdiction must exist at
>> the time the complaint is filed.**
> Id. at 204 (footnote omitted).  Gregory is in accord with the general rule that suits
> against the government under the FTCA must be filed in strict compliance with its
> provisions.

Reynolds, 748 F.2d at 292 (emphasis added; supporting case authority omitted).  Plaintiff's contrary

reading of the terms of the FTCA is inapposite.

---

    [1]  See also Hagmeyer v. U.S. Dept. of Treasury, 647 F.Supp. 1300, 1304 (D.D.C. 1986)
(Section 2675(a) applies without exception and has been termed jurisdictional).

This "strict compliance" approach is consistent with the rule in this Circuit and the majority of other Circuits.[2]  The Court's decision in Jerves v. United States, 966 F.2d 517 (9th Cir. 1992), is instructive in its explanation of a common rationale for the strict compliance approach.  In Jerves, before the FTCA's six-month period for agency action had ended, the agency sent a written settlement offer to the plaintiff, which offer she rejected.  She then filed suit in federal court.  In rejecting this approach, the Jerves Court explained as follows:

> In Anderson v. United States, 803 F.2d 1520 (9th Cir.1986), we observed that one of Congress' central objectives in enacting § 2675(a) was to **encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts**.  Id. at 1522.   To allow a claimant to respond to an agency's settlement offer which does not foreclose further negotiations by filing suit in district court would run completely counter to this purpose.   We cannot permit Jerves to commence an action in district court prior to the fulfillment of the conditions established by Section 2675(a).

Id. at 520.  In further explanation, the Jerves Court adhered to the view, which this Court should adopt here, that the requirements of § 2675 are jurisdictional.

>  Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court.  It admits of no exceptions.   Given the clarity of the statutory language, we 'cannot "enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit." '

Id. at 521, quoting  Hatchell v. United States, 776 F.2d 244, 246 (9th Cir.1985) (quoting Claremont Aircraft, Inc. v. United States, 420 F.2d 896, 898 (9th Cir.1970)) (in turn quoting Mann v. United States, 399 F.2d 672, 673 (9th Cir.1968)).

---

[2]  See Diane M. Allen, Annotation, *When Is Claim Properly Presented to Federal Agency, under 28 U.S.C.A. Sec. 2675(a), for Purposes of Satisfying Prerequisite to Subsequent Suit under Federal Tort Claims Act*, 73 A.L.R. Fed. 338 (1985), *superceded in part by*, David B. Sweet, Annotation, *Failure to Present Prior Administrative Claim to "Appropriate" Federal Agency as Precluding Federal Tort Claims Act (FTCA) Action by Reason of Operation of 28 U.S.C.A. Secs. 2401(b) and 2675 (a)*, 111 A.L.R. Fed. 659 (1993).

When, like Plaintiff here,[3] the Jerves plaintiff argued that little progress had been made in the district court litigation before the passage of the six-month constructive denial period, the Jerves Court, in strict compliance with § 2675, likewise rejected this approach and offered the following explanation.

> Section 2575(a) provides that a litigant may deem an agency to have finally denied her claim once six months have elapsed from the filing of that claim. If lack of progress in the suit is to be the test, litigants would generally be free to commence proceedings in district court without waiting for an agency to act on their claims because six months will almost always elapse before substantial progress is made in their suits. Adoption of Jerves' position would thus strip Section 2675(a) of much of its force. A proper respect for the enactments of Congress counsels against such a result.

Id. Defendant submits that this rationale counsels in favor of dismissing Plaintiff's FTCA claim.

Plaintiff suggests the alternative procedure of permitting amendment of the complaint. The only Circuit Court, in a published decision, to affirm such a maneuver in the district court did so only under circumstances indicating implied government assent to such a procedure. Here, the government has not wavered in seeking dismissal of the Complaint and is unwilling to consent to filing an amended complaint, since, as we more fully explain in our motion and elsewhere herein, doing so would be futile. The Court in Duplan v. Harper, 188 F.3d 1195 (10th Cir. 1999), essentially considers what constitutes filing a "new suit" in order to satisfy the requirements of § 2675. Like most courts, the Duplan court firmly adheres to the view (1) that a prematurely filed FTCA complaint must be dismissed, McNeil v. United States, 508 U.S. 106, 113 (1993), and (2) that filing

---

[3] In consenting to Plaintiff's request for an extension of time to file an opposition, Defendant specifically conditioned the consent on Plaintiff not arguing that the passage of the additional 30 days favors permitting the law suit to proceed notwithstanding the failure to exhaust. So, the Court should not permit Plaintiff to benefit from the passage of time occasioned by the requested extension, which was based on other grounds.

an amended complaint cannot cure this defect in subject matter jurisdiction. Duplan, 188 F.3d at 1199, citing Sparrow v. USPS, 825 F.Supp. 252, 254-55 (E.D.Cal.1993). McNeil makes clear that jurisdiction must exist when the complaint is filed and cannot be perfected with the passage of time. 508 U.S. at 111 (complete exhaustion necessary for jurisdiction). "Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint **would render the exhaustion requirement meaningless** and **impose an unnecessary burden** on the judicial system." Duplan, 188 F.3d at 1199 (emphasis added). Only after finding that the government had agreed that the "amended complaint effectively constituted a new action and agreed to administrative closure of the first action pending exhaustion" did the Duplan Court uphold the district court's construing the filing of the amended complaint as a new action. Id. at 1199-1200. No such agreement exists here.

II.    **Sovereign Immunity Precludes Plaintiff's Bivens and Official Capacity Claims**

Plaintiff appears not to appreciate the impact of the law concerning suits against the federal government for monetary relief as set forth by the Federal Defendants. In Federal Defendants' motions to dismiss, we have established that Plaintiff cannot maintain a suit for monetary relief against the government, either by suing the federal government in name, that is by suing a specific agency of the federal government or a federal official in his official capacity, absent statutory authority to do so. In this case, only an FTCA suit, over which this Court lacks subject-matter jurisdiction, as Defendants argue above, will expose the federal government to such liability.

By its terms, the FTCA exposes the United States to liability only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Courts have interpreted

this to mean that only claims under state law are cognizable under the FTCA, and that the United States **has not rendered itself liable for constitutional tort claims.** FDIC v. Meyer, 510 U.S. 471, 477-78 (1994) ([b]y definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right).   The United States, we reiterate, is therefore not liable for the constitutional torts of its employees.  Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316-17 (D.D.C. 1985).  Accordingly, dismissal of any cognizable constitutional claim, pursuant to the FTCA, is proper as to any official-capacity suit Plaintiff seeks to advance against officials of the U.S. Secret Service (USSS) and against the USSS as a government entity. Plaintiff's analogy to claims pursuant to 42 U.S.C. § 1983 offers little support for her effort to establish a waiver of sovereign immunity. See Settles v. U.S. Parole Commission, 429 F.3d 1098, 1105 (D.C. Cir. 2005) (No congressional intent to subject federal entities to section 1983 liability).

**III.    Plaintiff's Individual Capacity Suit Fails and Should be Dismissed**

**A.    Plaintiff has failed to effect proper service of Federal Defendants**

Plaintiff admits that Plaintiff's representative served officials of the USSS, individual-capacity Federal Defendants, at their place of employment by delivering the summons to an official of the General Counsel's Office. See Pl's Opp. to Deft's MTD, Exhibit 4.  Because Plaintiff sued Federal Defendants both in their official and individual capacities, the official of the General Counsel's Office served was not the personal representative for each federal official sued.  The caselaw is clear in requiring, pursuant to Fed. R. Civ. P. 4, that a copy of the summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there.  Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Delgado v. Bureau of Prisons, 727

6

F. Supp. 24, 27 (D.D.C. 1989).  Plaintiff has the burden of establishing personal jurisdiction.  Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984), overruled on other grounds by Kauffman v. Anglo-American School of Sofia, 28 F.3d 1223 (D.C. Cir. 1994).  Moreover, in her discussion of officials served, Plaintiff omits discussion of Mark Sullivan, Director, USSS, and the Chief, Uniform Division.  It is clear that Plaintiff has failed to serve these officials.

**Plaintiff's Bivens Claims are Too Speculative and General to be Viable**

Again, Plaintiff appears not to comprehend the breadth of protection the law affords public officials against insubstantial Bivens claims.  A Bivens must raise non-conclusory factual allegations in order to subject federal officials to the burden of defending suits involving broad, ill-defined allegations of constitutional violations.  As stated by the Court in Martin v. Malhoyt, 830 F.2d 237 (D.C. Cir. 1987),

> Because **conclusory** allegations of unconstitutional or otherwise illegal conduct will not withstand a public official's dispositive pre-trial motion, and because plaintiffs cannot expect the court's assistance in obtaining the necessary factual support, **plaintiffs bringing suit against public officials generally must put forward, in their complaints or other supporting materials, greater factual specificity and "particularity" than is usually required**.

Id. at 257 (emphasis added).[4]  "We have no warrant to subject . . . officials to a 'fishing expedition [(discovery)] in government waters,' . . . on the basis of wholly unsubstantiated charges."  Id., quoting Ellsberg v. Mitchell, 807 F.2d 204, 208 (D.C.Cir.1986) *cert. denied*, 484 U.S. 870 (1987).  Plaintiff's unspecified allegations that USSS officials beat Terence Powers in violation of his constitutional rights or violated his rights when officers detained and arrested him, all based on bruises on his body, are wholly speculative claims that fail to justify subjecting USSS officials to

---

[4]  Malhoyt involved general claims that U.S. Park Police officials were cognizant of an alleged widespread practice in the department of engaging in unconstitutional arrests.

a lawsuit, particularly supervisory USSS officials, whose allegedly improper conduct Plaintiff fails to describe in the Complaint.

This holding in <u>Malhoyt</u> is consistent with a more recent decision of this court in <u>Daul v. Meckus</u>, 897 F.Supp. 606 (D.D.C. 1995), *aff'd* 107 F.3d 922 (D.C. Cir. 1996) . There the Court, addressing allegations that Department of Agriculture officials had improperly found plaintiff in violation of the Animal Welfare Act, held that "[e]ven assuming the applicability of <u>Bivens</u> to the claims asserted here, [plaintiff's] conclusory allegations of unconstitutional motive, devoid of factual support, must be found lacking, and the case must be dismissed." <u>Id</u>. at 610. The Eleventh Circuit reached a similar conclusion in <u>Gonzalez v. Reno</u>, 325 F.3d 1228 (11th Cir. 2003), which concerned a suit against high-level Department of Justice officials by residents of the home from which the Cuban child Elian Gonzalez was seized by Immigration officials. The Court there reasoned as follows:

> Plaintiffs state that there is a causal connection between these defendants' acts and the excessive force used by the agents on the scene, but they do not allege any facts to support this causal connection. Plaintiffs do not allege that these defendants directed the agents on the scene to spray the house with gas, break down the door with a battering ram, point guns at the occupants, or damage property. Given the presumption of legitimacy accorded to official conduct, it would be unreasonable to draw from the alleged facts the inference that the supervisory defendants directed the agents on the scene to engage in the unconstitutional activity with which they are charged. Instead, the reasonable inference which we must draw from the factual allegations is that the supervisory defendants ordered the execution of valid search and arrest warrants with the expectation that the agents on the scene would execute them in a lawful manner.

<u>Id</u>. at 1235-36. The presumptions applicable to the supervisory USSS officials and the absence of specific allegations by Plaintiff in this case are little different here. Of course, Defendants reiterate that supervisory federal officials cannot be held liable on a respondeat superior theory of liability. <u>See</u> <u>(Jan) Van Eck v. Gallucci</u>, 321 F.Supp.2d 368 (D. Conn. 2004) (in <u>Bivens</u> actions, conclusory

allegations about defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss, and defendant is protected by the cloak of qualified immunity due to the fact that his conduct was objectively reasonable in light of clearly established Fourth Amendment law); <u>accord</u>, <u>(William) Van Eck v. Cimahosky</u>, 329 F.Supp.2d 265 (D. Conn. 2004).

## **CONCLUSION**

WHEREFORE, Federal Defendants respectfully submit that their motion to dismiss should

be granted.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

February 2, 2007

10