UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA A. POWERS-BUNCE </br></br> Plaintiff, </br></br> v. </br></br> DISTRICT OF COLUMBIA, *et al.*, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 06-1586 (RMC) </br> ) </br> ) </br> ) </br> ) |

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
FEDERAL DEFENDANTS' RENEWED MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

The Federal Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully submit this Supplemental Memorandum in Support of Federal Defendants' Renewed Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Federal Defendants respectfully refer the Court to Pitt v. District of Columbia, No. 05-7157, 2007 WL 1814970, 2007 U.S. App. LEXIS 15178, Slip Op. at *1 (D.C. Cir. June 26, 2007) in further support of their argument that Plaintiff's common law claim of intentional infliction of emotional distress fails substantively. See Federal Defendants' Renewed Motion to Dismiss Or, in the Alternative, Motion for Summary Judgment at 24-27 (noting that, regardless whether the Court lacks jurisdiction over these individual Federal Defendants for common law claims brought under the FTCA, Plaintiff's claim of intentional infliction of emotional distress also fails substantively).

In Pitt, a husband and wife sued the District of Columbia and three individual police officers for malicious prosecution, false arrest, and intentional infliction of emotional distress after the police arrested the husband and initiated criminal proceedings against him "despite overwhelming evidence

of his innocence." Id. at *1. The U.S. Court of Appeals for the District of Columbia Circuit stated that "under D.C. tort law, a family member can only recover for IIED [intentional infliction of emotional distress] if she was 'present' when the extreme or outrageous conduct took place." Id. at *28. Applying this rule, the Court held that the wife could not recover damages for intentional infliction of emotional distress because she was not present at any of the extreme or outrageous conduct in the case. Id. at *29. This conduct included (1) filing a false and misleading affidavit and (2) possible evidence tampering. Id. Noting that the term "present" meant physical proximity, the Court found nothing to suggest that the wife was "in any way physically 'present' at the location where this affidavit was prepared or filed." Id. The Court held that it could not allow the wife to recover for intentional infliction of emotional distress under these circumstances because to do so "would be substantially expanding the scope of the third-party IIED tort under District of Columbia law." Id. at *29-30.

     The holding in Pitt bars any recovery for intentional infliction of emotional distress in this case. There is no allegation that Plaintiff Patricia Powers-Bunce was physically present during any of the incidents surrounding her son's arrest and suicide while in custody. These incidents would have included the traffic stop of Terrence Powers, his arrest, his transport to the police station and his detention. Plaintiff allegedly did not learn of her son's death until July 28, 2004 (thirteen days after his July 15, 2004 suicide). Am. Compl. at ¶ 57. Because Plaintiff was not "in any way physically 'present'" at any of the events concerning the alleged "extreme or outrageous conduct" in this case, she cannot recover for intentional infliction of emotional distress under the law of the District of Columbia. See Pitt, ___ F.3d ___, 2007 WL 1814970, 2007 U.S. App. LEXIS 15178, Slip Op. at *29.

WHEREFORE, Federal Defendants respectfully submit that their Renewed Motion to Dismiss or, in the Alternative, Motion for Summary Judgment should be granted for the reasons stated in both the Memorandum and this Supplemental Memorandum in support of those Motions.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

Counsel for Federal Defendants

June 28, 2007