# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA A. POWERS-BUNCE | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Civil Action No. 06-1586 (RMC) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## INDIVIDUAL FEDERAL DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 27, 2008 DECISION DENYING THEIR MOTION FOR SUMMARY JUDGMENT ADVANCING A QUALIFIED IMMUNITY DEFENSE

Officer Michael Burdyn and Sergeant Benita Giles of the United States Secret Service – Uniform Division, through counsel, the United States Attorney for the District of Columbia, respectfully move the Court to reconsider its decision denying their motion for summary judgment in which they assert, *inter alia*, qualified immunity as a defense to the Fourth Amendment excessive force claim. Officers Burdyn and Giles (hereinafter "the Officers") contend that the First Amended Complaint failed to plead a valid constitutional violation and that, even if it did, qualified immunity was an appropriate defense to these claims, particularly given that Plaintiff failed to proffer sufficient evidence, or any evidence at all, in response to their declarations supporting their motion for summary judgment. The Officers further contend that reconsideration is appropriate pursuant to either Rule 54(b) or Rule 60(b) of the Federal Rules of Civil Procedure and that, minimally, good reason warrants the Court reexamining its decision.

## **RECONSIDERATION STANDARD**

Since the Court has not entered final judgment in the case, Rule 54(b) should govern

reconsideration. <u>In Defense of Animals v. National Institutes of Health</u>, ___ F.Supp.2d ___, 2008

WL 1708388, Slip Op at *2 (D.D.C. 2008) (hereinafter "<u>Animals v. NIH</u>").  As explained by the

Court in <u>Animals v. NIH</u>,

> The Court has broad discretion to hear a motion for reconsideration brought under
> Rule 54(b): "Unlike Rule 60(b) which contains a reasonableness provision, Rule
> 54(b) allows a court to reconsider its interlocutory decisions 'at any time' prior to a
> final judgment." [<u>Lewis v. United States</u>, 290 F.Supp.2d 1, 3 (D.D.C. 2003)]
> (quoting Rule 54(b)). The standard for determining whether or not to grant a motion
> to reconsider brought under Rule 54(b) is the **"as justice requires" standard**
> espoused in <u>Cobell v. Norton</u>, 355 F.Supp.2d 531, 539 (D.D.C.2005), which requires
> "determining, within the Court's discretion, whether reconsideration is necessary
> under the relevant circumstances." <u>Id</u>. <u>See also</u> <u>Singh v. George Washington</u>
> <u>University</u>, 383 F.Supp.2d 99, 101 (D.D.C.2005). Considerations a court may take
> into account under the "as justice requires" **standard include whether the court
> "patently" misunderstood the parties, made a decision beyond the adversarial
> issues presented, made an error in failing to consider controlling decisions or
> data, or whether a controlling or significant change in the law has occurred.** <u>See</u>
> <u>Singh</u>, 383 F.Supp.2d at 101. Furthermore, the party moving to reconsider carries the
> burden of proving that some harm would accompany a denial of the motion to
> reconsider: "In order for justice to require reconsideration, logically, it must be the
> case that, **some sort of 'injustice' will result if reconsideration is refused**. That is,
> the movant must demonstrate that some harm, legal or at least tangible, would flow
> from a denial of reconsideration." <u>Cobell</u>, 355 F.Supp.2d at 540.

<u>Animals v. NIH</u>, *supra*, Slip Op. at *2 (emphasis added); <u>DeGeorge v. United States</u>, 521 F.Supp.2d

35, 39-40  (D.D.C. 2007). The Court has discretion, as well, to reconsider an issue litigated by the

parties, if the Court has good reason to do so. <u>Id</u>., Slip Op. at * 3.

As the Officers' arguments establish below, the circumstances here satisfy this standard.  The

Court should have considered the uncontested declarations of Officer Burdyn, Sergeant Giles and

Lieutenant Beres and granted summary judgment, upholding the Officers' assertion of the qualified

immunity defense.  The Court's decision instead appears to address only Defendant's motion to

dismiss to the exclusion of the fully and properly briefed motion for summary judgment. In determining that Plaintiff's Fourth Amendment claim should not be dismissed, the Court reasons only that Plaintiff's claim is sufficiently substantial to withstand dismissal and permit discovery. Memo. Op. (03/27/08) at 10. The Court does not address Plaintiff's failure to come forward with sufficient evidence to avoid summary judgment.

The Officers, sued in their individual capacities, should not have to litigate <u>Bivens</u> claims or face discovery on these claims, when as here those claims are flawed or insubstantial. In the context of tort actions against federal officials, the Supreme Court has consistently admonished the lower federal courts not to perpetuate lawsuits otherwise crying out for dismissal:

> Insubstantial lawsuits can be quickly terminated by federal courts alert to the possibilities of artful pleading. Unless the complaint states a compensable claim for relief under the Federal Constitution, it should not survive a motion to dismiss.

<u>Butz v. Economou</u>, 439 U.S. 478, 507-08 (1978): *accord*, <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 808, 817-18 (1982); <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985). Indeed, "the <u>Harlow</u> Court refashioned the qualified immunity doctrine in such a way as to 'permit the resolution of many insubstantial claims on summary judgment' and to avoid 'subject[ing] government officials either to the costs of trial or to the burdens of broad-reaching discovery'. . .." <u>Mitchell v. Forsyth</u>, 472 U.S. at 526, quoting <u>Harlow</u> 457 U.S. at 817-18. As stated by the Supreme Court in <u>Mitchell</u>, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." 472 U.S. at 526. *Accord*, <u>Behrens v. Pelletier</u>, 516 U.S. 299, 306 (1996). The Officers are entitled to resolution of these claims pre-discovery, the absence of which is both their rationale for

reconsideration and the harm they would suffer without the relief, in view of the burdens and expense of litigation.[1]

## ARGUMENT

Plaintiff's Fourth Amendment claim presents the question of how little is enough. Particularly in the context of Bivens suits against federal officials, there is considerable tension between principles of notice pleading and the policy of discouraging insubstantial claims. Even in the dismissal context, it is well-accepted that the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing Twombly).  Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support plaintiff's claims for relief.  We submit that Plaintiff's complaint clearly does not make out a sufficient claim, particularly in the Bivens context.

It is true that the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint.  Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts

---

[1] Even assuming *arguendo* that this motion for reconsideration should be decided pursuant to Rule 60(b), the Officers still satisfy the standard. *See* Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (reconsideration appropriate when the Court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice); *see also* Mekuria v. Washington Metro. Area Transit Auth., 45 F.Supp.2d 19, 31 (D.D.C. 1999).

4

pleaded in the complaint.  <u>Kowal</u>, 16 F.3d at 1276.  Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations."  <u>Id.</u>

Certainly, "inferences or conclusory allegations that are unsupported by the facts" would include the purely speculative claims advanced in the complaint.  Plaintiff alleges that the Officers "used excessive force."  Am. Compl. at ¶ 21.  She then describes bruising on the decedent's body identified at autopsy, without linking this bruising to the conduct of the Officers. <u>Id</u>. Then, to close her faulty syllogism, Plaintiff brings to rest her claim on the tenuous allegation that "[u]pon information and belief, these bruises were sustained during the arrest and detention" by Giles and Burdyn. <u>Id</u>.  Even though, taking these allegations in their most favorable light, the Officers were not the only officials involved in the arrest and detention, and even though no one knows what happened to the decedent before the arrest and detention, Plaintiff somehow jumps to the conclusion that excessive force occurred and that Burdyn and Giles were involved.

Plaintiff's reasoning is apparently that if there were bruises, they occurred during arrest and detention.  And even more attenuated, if the bruises occurred during arrest and detention, then Giles and Burdyn caused them.  Probably more prominent in her speculation is that neither the pleading nor the evidence shows that those bruises were not on the decedent before his arrest and detention.  Additionally, there is nothing that connects the bruises to Giles and Burdyn, or anyone else for that matter.  Such claims, particularly given the protections afforded <u>Bivens</u> defendants, should not be sustained when based solely on guesswork, conjecture or supposition.

Against this backdrop, the Officers not only sought dismissal but sought summary judgment as well.  To amplify fully the context of the discussion, the court's discussion of these issues in <u>Iqbal</u>

v. Hasty, 490 F.3d 143 (2nd Cir. 2007) (*petitions for certiorari filed*, 76 USLW 3349, 3417

(December 17, 2007, and February 6, 2008)(Nos. 07-827 and 07-1015)), is instructive:

> Four Supreme Court opinions provide guidance, although the guidance they provide is not readily harmonized. In Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, [507 U.S. 163] (1993), the Court rejected a heightened pleading standard in a civil rights action alleging municipal liability, applying instead only the traditional requirement of " 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " Id. at 168, 113 S.Ct. 1160 (quoting Fed.R.Civ.P. 8(a)(2)). In reaching this conclusion, the Court distinguished between municipalities' immunity from respondeat superior liability and government officials' qualified immunity from suit. *See* id. at [166]. Arguably, this distinction could permit requiring a plaintiff to satisfy a heightened pleading standard of a cause of action in order to overcome a government official's defense of qualified immunity. However, the Court's opinion in Leatherman suggests that heightened pleading standards are never permissible except when authorized by Rule 9(b) of the Federal Rules of Civil Procedure. *See* id. at [168] (noting that Rule 9(b) "do[es] not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983"). Indeed, the Court observed that, in the absence of amendment to Rules 8 or 9, **the courts could rely only on control of discovery and summary judgment** to **"weed out unmeritorious claims."** Id. at 168-69.
>
> A more pertinent precedent is Swierkiewicz v. Sorema N.A., [534 U.S. 506] (2002), which concerned the adequacy of pleading a Title VII complaint. The Court rejected what had been [the 2nd Circuit's] rule requiring discrimination plaintiffs to allege facts constituting a prima facie case of employment discrimination. *See* id. at [515]. The Court again emphasized that the judicially imposed heightened pleading standard conflicted with Rule 8(a) and that a heightened pleading standard could be attained only "by the process of amending the Federal Rules, and not by judicial interpretation." Id. (internal quotation marks omitted).
>
> Leatherman and especially Swierkiewicz-with their insistence that courts cannot impose heightened pleading standards in the absence of statutory authorization-indicate that a court cannot impose a heightened pleading standard in Bivens (or other civil rights) actions against individual officials, a precept we have heeded since the Supreme Court's decision in Swierkiewicz. *See, e.g.*, Phillip v. University of Rochester, 316 F.3d 291, 298-99 (2d Cir.2003) (general allegation of racial animus); Phelps v. Kapnolas, 308 F.3d 180, 186-87 (2d Cir.2002) (general allegation of knowledge).
>
> However, a third Supreme Court case, decided between Leatherman and Swierkiewicz, cryptically suggests that, in some circumstances, a court could require "specific, nonconclusory factual allegations" at the pleading stage in claims against

government officials.[2] In <u>Crawford-El v. Britton</u>, [523 U.S. 574] (1998), the D.C. Circuit had recognized a heightened burden of proof in cases against government officials alleging unconstitutional motive. *See* <u>id</u>. at [582-83]. The Court observed that the D.C. Circuit had adopted the heightened standard in an attempt "to address a potentially serious problem: Because an official's state of mind is easy to allege and hard to disprove, insubstantial claims that turn on improper intent may be less amenable to summary disposition than other types of claims against government officials." <u>Id</u>. at [584-85] (internal quotation marks omitted). Although the Supreme Court recognized this problem, it rejected the heightened standard of proof.

The Court held that the D.C. Circuit's rule was not compelled by either the holding or the reasoning of <u>Harlow v. Fitzgerald</u>, [457 U.S. 800] (1982). In <u>Harlow</u>, the Court had stated that "bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." <u>Id</u>. at [817-18]. However, as the Court explained in <u>Crawford-El</u>, this statement merely concerned a plaintiff's attempt to overcome a legitimate qualified immunity defense by alleging malicious intent; this holding was irrelevant to a plaintiff's burden in alleging a constitutional violation of which improper motive is an essential element. *See* 523 U.S. at [588-89]. Neither did <u>Harlow's</u> reasoning require a heightened burden of proof: the Court observed that **there existed other mechanisms for protecting officials from unmeritorious actions, such as the requirement that the officials' conduct violate clearly established law, the need to prove causation, and procedural protections**. *See* <u>id</u>. at [590-93].

<u>Id</u>. at 153-155 (emphasis added).

Here, the Officers – seeking to utilize the additional mechanism of summary judgment to

resolve these claims – contend that this mechanism should not have been rejected by the Court. All

---

[2]  Such a more exacting pleading standard appears to be what the Supreme Court described in <u>Bell Atlantic v. Twombley</u>.  As explained by the court in <u>Iqbal</u>,

[T]he [Supreme] Court's explanation for its holding indicated that it intended to make **some alteration in the regime of pure notice pleading** that had prevailed in the federal courts ever since <u>Conley v. Gibson</u>, [355 U.S. 41] (1957), was decided half a century ago. The nature and extent of that alteration is not clear because the Court's explanation contains several, not entirely consistent, signals, which we consider (not necessarily in the order set forth in the Court's opinion). . . . Some of these signals **point toward a new and heightened pleading standard**.

<u>Iqbal</u>, 490 F.3d at 156-157 (see full discussion), citing and quoting <u>Twombley</u>, 127 S.Ct. at 1968; <u>Conley</u>, [355 U.S. at 45-46]).

three declarations state that they used no physical force on Powers.  See Burdyn Dec. at ¶ 14 ("At no time during the arrest was the use of force against Mr. Powers necessary, and no physical force was used on him."); Giles Dec. at ¶ 7 ("no force was required by any officer at the scene to control him, and no force was used"); Beres Dec. at ¶ 5 ("no force was required by any officer at the scene to control him, and no force was used on Mr. Powers during the transport").  Plaintiff has not offered a shred of evidence to dispute these facts or to show that Federal Defendants used excessive force and caused Powers' injury.[3]

Plaintiff's total failure to provide any affirmative proof regarding her allegations of unlawful search and excessive force belies the weakness of Plaintiff's Fourth Amendment claims.  The evidence offered by the Officers shows that Burdyn and Giles conducted a lawful search of Powers and his property and that they did not use excessive force against him.  There were no disputes as to any genuine material fact concerning either the lawfulness of the search or the use of force against Powers.  Accordingly, this Court should have entered judgment in favor of the Officers on all of Plaintiff's Fourth Amendment claims.

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the [Court] -- that there is an absence of evidence

---

[3]  Given that decedent was arrested in one of the busiest areas of the city – Dupont Circle – it is notable that Plaintiff has produced no witnesses to excessive force at the arrest scene. Moreover, neither has Plaintiff produced any evidence that decedent complained about excessive force to Metropolitan Police Department (MPD) Officers upon his transfer to their custody. Accordingly, Plaintiff has produced no evidence that Burdyn and Giles applied any force to the decedent.

to support the non-moving party's case." <u>Sweats Fashions, Inc. v. Pannill Knitting Company, Inc.</u>, 833 F.2d 1560, 1563 (Fed. Cir. 1987), quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (emphasis in original).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  Thus, to avoid summary judgment, Appellant must have stated specific facts or present some objective evidence that would enable the court to find that he is entitled to relief.  In <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of his case" to establish a genuine dispute. <u>Id</u>. at 322-23.  Indeed:

> If the evidence is merely colorable, . . . or is not significantly probative, ... summary judgment may be granted ... [T]he mere existence of a scintilla of evidence in support of the plaintiffs position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 252. In <u>Celotex</u>, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1.).

It is well-established, moreover, that, in considering a motion for summary judgment, the Court need not consider as true "conclusory allegations lacking any factual basis in the record." <u>District Intown Properties Ltd. Partnership v. District of Columbia</u>, 198 F.3d 874, 878 (D.C. Cir. 1999), citing <u>Greene v. Dalton</u>, 164 F.3d 671, 675 (D.C.Cir.1999).  Apart from the duty of district

courts to avoid weighing the credibility of the parties' testimony at the summary judgment stage, where a plaintiff relies almost exclusively on his own self-serving statements, "it will be impossible for a district court to determine whether 'the jury could reasonably find for the plaintiff,' and thus whether there are any 'genuine' issues of material fact, without making some assessment of the plaintiff's account." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir.2005) (citation omitted).

Accordingly, the Court of Appeals has found summary judgment sustainable "when a plaintiff's claim is supported solely by the plaintiff's own self-serving testimony, unsupported by corroborating evidence, and undermined either by other credible evidence, physical impossibility or other persuasive evidence that the plaintiff has deliberately committed perjury." Johnson v. Wash. Metro. Area Transit Auth., 883 F.2d 125, 128 (D.C. Cir.1989) (emphasis added); Washington Marlboro & Annapolis Motor Lines v. Maske, 190 F.2d 621 (D.C. Cir. 1951) (reversing judgment for plaintiff because it was supported only by her self-serving testimony which was not only contradicted by numerous disinterested witnesses but also undermined by proof of her earlier statement that the opposite was true), cert. denied, 342 U.S. 834 (1952).

Unlike the circumstances in Kartseva v. Department of State, 37 F.3d 1524 (D.C. Cir. 1994), no factual dispute exists concerning what happened. Plaintiff has not only failed to offer a contrary point of view, she has failed to identify another witness from whom discovery is necessary and who could offer a contrary point of view. All percipient witnesses have provided declarations contrary to Plaintiff's claims. Where a factual dispute exists or the facts are inaccessible, Karteseva suggests that discovery is required before summary judgment can be entered. Id. at 1530 and n. 21. The circumstances here are more akin to those in Stewart v. Evans, 351 F.3d 1239 (D.C. Cir. 2003), in

which the record concerning the reasonableness of a search had been further developed with the filing of sworn statements. Id. at 1245.  The Stewart court, in this context, upheld summary judgment and the district court's refusal to grant discovery pursuant to Rule 56(f).  The court concluded that "[n]o amount of discovery could alter the undisputed facts . . .." Id.  The same is certainly true in this case, and summary judgment was just as appropriate.[4]

As explained by the Court in Scott v. Harris, 127 S.Ct. 1769 (2007),

At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party **only if there is a 'genuine' dispute** as to those facts.  Fed. Rule Civ. Proc. 56(c).  As we have emphasized, '[w]hen the moving party has carried its burden under Rule 56(c), **its opponent must do more than simply show that there is some metaphysical doubt as to the material facts** . . ..  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." '

Id. at 1776 (emphasis added), quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986) (footnote omitted).  Plaintiff clearly failed to carry this burden.

---

[4]  Moreover, discovery under Fed. R. Civ. P. 56(f) is not appropriate if it is sought simply to test the credibility of affiants. *See, e.g.* Strang v. U.S. Arms Control and Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989) (desire to test and elaborate affiant's testimony insufficient "to defer and deny dispositive action"). *Cf.* Ikossi v. Department of Navy, 516 F.3d 1037, 1045-46 (D.C. Cir. 2008) (56(f) motion supported by affidavit identifying underlying four prospective witnesses).

WHEREFORE, the Federal Defendants, sued in their individual capacities, respectfully submit that this motion for reconsideration should be granted.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2008, I caused the foregoing Individual Federal

Defendants' Motion for Reconsideration of the Court's March 27, 2008 Decision Denying Their

Motion for Summary Judgment Advancing a Qualified Immunity Defense to be served on Counsel

for the Plaintiff and Counsel for the District of Columbia Defendants by the Electronic Case Filing

system or, if this means fails, then by mail, postage prepaid, addressed as follows:

M. Celeste Bruce, Esq.
Rifkin, Levingston, Levitan & Silver, LLC
6305 Ivy Lane, Suite 500
Greenbelt, MD 20770

Ellen B. Flynn, Esq.
6305 Ivy Lane, Suite 500
Greenbelt, Maryland 20770

Eric S. Glover
Assistant Attorney General
Office of the Attorney General for the
   District of Columbia
441 4th Street, N.W., Suite 600 South
Washington, D.C. 20001


                    /s/
_____
OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739