## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA A. POWERS-BUNCE, Individually and as Personal Representative of the ESTATE OF TERENCE ANTHONY POWERS<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.,*<br><br>    Defendants. | Case No. 2006 – 1586 (RMC) |

### DEFENDANT DISTRICT OF COLUMBIA'S ANSWER
### TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant District of Columbia (hereinafter "the District"), by and through counsel, responds to the Complaint, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the Complaint, the District responds in like-numbered paragraphs as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.    The allegations in paragraph 1 of the Complaint are the legal conclusions of the pleader to which no response is required

2.    The allegations in paragraph 2 of the Complaint are the legal conclusions of the pleader to which no response is required.

3. The District is without sufficient information to either admit or deny the allegations in paragraph 3 of the Complaint. To the extent a response is required, this defendant denies the allegations.

4. The District is without sufficient information to either admit or deny the allegations in paragraph 4 of the Complaint. To the extent a response is required, this defendant denies the allegations.

5. The District admits the allegations in paragraph 5 of the Complaint.

6. The District admits the allegations in paragraph 6 of the Complaint.

7. The District is without sufficient information to either admit or deny the allegations in paragraph 7 of the Complaint.

8. The District is without sufficient information to either admit or deny the allegations in paragraph 8 of the Complaint.

9. The District denies the allegations in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 of the Complaint are the legal conclusions of the pleader to which no response is required.

11. The District denies the allegations in paragraph 11 of the Complaint.

12. The allegations in paragraph 33 of the Complaint contain legal conclusions of the pleader to which no response is required. To the extent a response is required the District denies the allegations in paragraph 12.

13 The District is without sufficient information to either admit or deny the allegations in paragraph 13 of the Complaint.

14. The District is without sufficient information to either admit or deny the allegations in paragraph 14 of the Complaint.

15. The District admits the allegation in paragraph in paragraph 15 of the Complaint except for the portion that alleges that the lab report has not been made available to the Plaintiffs.

16. The District admits that the plaintiff was arrested for possession with intent to distribute and not having a valid driver's license, however it denies the remaining allegations of the paragraph 16 of the Complaint as the legal conclusions of the pleader.

17. The District admits that the plaintiff was taken to the 3rd District of the Metropolitan Police Department.

18. The allegations in paragraph 18 of the Complaint contain the legal conclusions of the pleader to which no response is required. To the extent a response is required the District denies the allegations in paragraph 18.

19. The District denies the allegations in paragraph 19 of the Complaint.

20. The District denies the allegations in paragraph 20 of the Complaint.

21. The District is without sufficient information to either admit or deny the allegations in paragraph 21 of the Complaint.

22. The District is without sufficient information to either admit or deny the allegations in paragraph 22 of the Complaint.

23. The District is without sufficient information to either admit or deny the allegations in paragraph 23 of the Complaint.

24. The District is without sufficient information to either admit or deny the allegations in paragraph 24 of the Complaint.

25. The District denies that it or its agents used unnecessary, unreasonable or excessive force against Mr. Power.

26.     The District denies that it used excessive force against Mr. Powers and is without sufficient information to either admit or deny the remaining allegations in paragraph 26 of the Complaint.

27.     Objection. The statements in paragraph 27 are argumentative in nature and do not require a response from the District.

28.     The District denies the allegations in paragraph 28 of the Complaint.

29.     The District denies that it used excessive force against Mr. Powers and is without sufficient information to either admit or deny the remaining allegations in paragraph 29 of the Complaint.

30.     The District denies the allegations in paragraph 30 of the Complaint.

31.     The District denies the allegations in paragraph 31 of the Complaint.

32.     The District denies the allegations in paragraph 32 of the Complaint.

33.     The District admits that Mr. Powers was placed the cellblock at or around 2:00AM. The District is without sufficient information to either admit or deny the remaining allegations in paragraph 33.

34.     The Defendant admits that Mr. Powers were checked on at or around 2:30 AM.

35.     The allegations in paragraph 33 of the Complaint contain the legal conclusions of the pleader to which no response is required. To the extent a response is required the District denies the allegations in paragraph 33.

36.     The District denies the allegations in paragraph 36 of the Complaint.

37.     The allegations in paragraph 37 of the Complaint are the conclusions of the pleader to which no response is required. To the extent a response is required the District denies the allegations in paragraph 37.

38.     The District admits that Mr. Powers were found with tube socks tied around his neck and the bars of the jail cell, however it denies the remaining allegations of paragraph 38 of the Complaint.

39.     The District admits the allegations in paragraph 39 of the Complaint.

40.     The District admits the allegations in paragraph 40 of the Complaint.

41.     The District admits that Dr. Diangelo documented contusion toe the lateral chest, back thighs and shins of Mr. Powers' body.  The District is without sufficient information to either admit or deny the remaining allegations in paragraph 41of the Complaint

41.     The District is without sufficient information to either admit or deny the allegations in paragraph 41of the Complaint.  However to the extent a response is required, the District denies the allegations in paragraph 42 of the Complaint.

43.     The allegations in paragraph 43 are the legal conclusions of the pleader to which no response is required.

## Count I: Violations of Civil Rights

44.     The District incorporates in responses to paragraphs 1 through 43 as if fully set forth herein.

45.     The District denies the allegations in paragraph 45 of the Complaint.

46.     The District denies the allegations in paragraph 46 of the Complaint.

47.     The District denies the allegations in paragraph 47 of the Complaint.

48.     The allegations in paragraph 48 of the Complaint contain the legal conclusions of the pleader to which no response is required.  To the extent a response is required the District denies the allegations in paragraph 48.

49.     The District denies the allegations in paragraph 49 of the Complaint.

50. The District denies the allegations in paragraph 50 of the Complaint.

51. The District denies the allegations in paragraph 51 of the Complaint.

### Count II: Intentional Infliction of Emotional Distress

52. The District incorporates in responses to paragraphs 1 through 51 as if fully set forth herein.

53. The District denies the allegations in paragraph 53 of the Complaint.

54. The District is without sufficient information to either admit or deny the allegations in paragraph 54 of the Complaint.

### Count III: Gross Negligence

55. The District incorporates in responses to paragraphs 1 through 54 as if fully set forth herein.

56. The District denies the allegations in paragraph 56 of the Complaint.

57. The District denies the allegations in paragraph 57 of the Complaint.

58. The District is without sufficient information to either admit or deny the allegations in paragraph 58 of the Complaint.

### Count IV Direct Liability to the District of Columbia for Failure to Train and Supervise

59. The District incorporates in responses to paragraphs 1 through 59 as if fully set forth herein.

60. The District denies the allegations in paragraph 60 of the Complaint.

61. The District denies the allegations in paragraph 61 of the Complaint.

62. The District denies the allegations in paragraph 62 of the Complaint.

63. The District denies the allegations in paragraph 63 of the Complaint.

### THIRD DEFENSE

Plaintiff's claim may be barred by doctrine of latches or the applicable statute of limitations.

### FOURTH DEFENSE

Contributory negligence and/or assumption of the risk may bar plaintiff's claims against this defendant.

### FIFTH DEFENSE

The District may not be held liable for the intentional misconduct of any employee, acting within or outside of the scope of employment, unless the misconduct is foreseeable.

### SIXTH DEFENSE

D.C. Official Code § 12-309 may bar plaintiff's claims.

### SEVENTH DEFENSE

Plaintiff is not entitled to equitable relief from this defendant.

### EIGHTH DEFENSE

The District intends to rely upon the defenses properly available from the evidence that arises from discovery, from testimony at trial, or from other sources. The District expressly reserves its right to assert or amend such defenses as the facts become known.

### Set-Off

The District asserts a set-off for all funds and services provided to the plaintiff, through Medicare, Medicaid, public sources and/or other sources.

### REQUEST AND DEMAND FOR JURY TRIAL

The District, by and through its counsel, respectfully requests a jury trial in this matter.

WHEREFORE, the District prays that the Court will dismiss the Complaint and award it the expense of litigation, costs and interest, and such other relief as the Court deems just and proper.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Patricia A. Jones
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

        /s/ Eric S. Glover
        ERIC S. GLOVER [978841]
        Assistant Attorney General
        441 Fourth Street, N.W. Suite 6N04
        Washington, D.C. 20001
        (202) 442-9754; (202) 727-6295
        Eric.Glover@dc.gov