UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA A. POWERS-BUNCE | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-1586 (RMC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

## ANSWER TO SECOND AMENDED COMPLAINT

The Federal Defendants, by and through counsel, hereby answer Plaintiff's Second Amended Complaint for Violation of Civil Rights, Other Causes of Action and Damages as follows:

### FIRST DEFENSE

Plaintiff fails to state either a Constitutional claim or claims under the Federal Tort Claims Act (FTCA) against the Federal Defendants upon which relief could be granted.

### SECOND DEFENSE

Plaintiff has failed to effect service of process on any federal officials that she has sought to sue in their individual capacities. Plaintiff has failed to identify properly any federal officials that she has sought to sue in their individual capacities.

### THIRD DEFENSE

Plaintiff has failed to set forth a viable Fourth Amendment excessive force claim against any individual federal officials that she has sought to sue. Even if Plaintiff's excessive force claim is viable, the individual Federal Defendants enjoy qualified immunity from liability on this claim.

FOURTH DEFENSE

To the extent that Plaintiff seeks trial by jury, it is legally unavailable in this action as to claims advanced under the FTCA.

FIFTH DEFENSE

The plaintiff-in-interest, Terrence Anthony Powers, now deceased, is wholly responsible for or contributed to any alleged injury to himself and is either solely responsible for the damages sustained, or any recovery should be proportionately reduced to the extent of his own culpability.

SIXTH DEFENSE

To the extent that the common or statutory law of the District of Columbia limits damages or limits the Federal Defendants' liability or Plaintiff's causes of action, that law applies to these causes of action against the United States to the extent that it is not inconsistent with the FTCA.

SEVENTH DEFENSE

To the extent that Plaintiff is entitled to recover damages from the Federal Defendants in this action, the United States is entitled to a credit or set-off for any past or future benefits paid to or on behalf of or received by the Plaintiff, to the extent allowed under federal and state common and statutory law.

EIGHTH DEFENSE

Federal Defendants reserve the right to rely on the discretionary function exception shielding from liability matters involving judgment and choice or are public policy issues otherwise committed to agency discretion and expertise.

NINTH DEFENSE

Federal Defendants respond to the unnumbered and numbered paragraphs of the Second Amended Complaint as follows:

The unnumbered introductory paragraph contains Plaintiff's characterization of her action to which no answer is required. To the extent that a response is deemed required, DENIED.

## ALLEGATIONS COMMON TO ALL COUNTS

1. This paragraph consists of Plaintiff's statement of jurisdiction and is a legal conclusion requiring no response. To the extent that a response is deemed required, DENIED.

2. This paragraph contains both legal conclusions and factual allegations. The legal conclusions require no response. To the extent that a response is deemed required, DENIED. Federal Defendants admit that the United States Secret Service (USSS) did not resolve Plaintiff's administrative claim within six months. Federal Defendants admit that notice was given to the Director of the USSS on July 13, 2006, but deny any other allegations of this paragraph.

3. While the Federal Defendants received biographical information from Terence Anthony Powers before he committed suicide, and note that he appeared to be Caucasian, Federal Defendants are nonetheless without sufficient knowledge and information to respond with certainty to the allegations of this paragraph. To the extent that a response is deemed required, DENIED.

4. Plaintiff has failed properly to identify the Federal Defendants, so the Federal Defendants are without sufficient knowledge and information to respond to the allegations of this paragraph. To the extent that a response is deemed required, DENIED.

5. Federal Defendants are without sufficient knowledge and information to respond to the allegations of this paragraph. To the extent that a response is deemed required, DENIED.

6. Admitted.

7.  Federal Defendants are without sufficient knowledge and information to respond to the allegations of this paragraph. To the extent that a response is deemed required, DENIED.

8.  Since Plaintiff has failed properly to identify the Federal Defendants, Federal Defendants are without sufficient knowledge and information to respond to the allegations of this paragraph. To the extent that a response is deemed required, DENIED.

9-10.  Denied.

11. Denied both as to Plaintiff's characterization of these circumstances and as to the identities and roles of the alleged participants.

12-13. Denied.

14. Admitted.

15. Denied as to the accuracy of Plaintiff's description and her characterization of these circumstances, except to admit that a white powder substance was recovered that tested positive for cocaine.

16. Denied as to the accuracy of Plaintiff's description, her characterization of these circumstances and as to her allegations and/or legal conclusions about who was an agent or servant of the District of Columbia, except to admit that Mr. Powers was placed under arrest for possession with intent to distribute and for not having a valid driver's permit.

17. Admitted.

18-22. Denied.

23-24. Admitted.

25. Denied, except to admit that Mr. Powers neither threatened nor assaulted any officers.

26-27. Denied.

28. Denied, except to state that Federal Defendants are without sufficient knowledge and information to respond to the allegations concerning Defendants "Watch Commander" and "Sgt. Gamble" in this paragraph.

29-33. Denied.

34. Admitted.

35-37. Denied.

38. Denied, except to admit that Mr. Powers was found showing no signs of life.

39. Federal Defendants are without sufficient knowledge and information to respond with certainty concerning the allegations of this paragraph. To the extent that a response is deemed required, DENIED.

40-41. Denied, to the extent that these statements vary in characterization and completeness from the actual autopsy report.

42. Denied, to the extent that these statements vary in characterization and completeness from the actual report or statement of the independent medical examiner.

43. Denied.

### Count I: Violations of Civil Rights

44. Federal Defendants adopt and incorporate by reference, as if fully set forth herein, their responses above to paragraphs 1 through 43.

45-47. Denied.

48. Federal Defendants are without sufficient knowledge and information to respond to the allegations of this paragraph. To the extent that a response is deemed required, DENIED.

49-51. Denied.

### Count II: Intentional Infliction of Emotional Distress

52. Federal Defendants adopt and incorporate by reference, as if fully set forth herein, their responses above to paragraphs 1 through 51.

53-54. Denied.

### Count III: Gross Negligence

55. Federal Defendants adopt and incorporate by reference, as if fully set forth herein, their responses above to paragraphs 1 through 54.

56-57. Denied.

58. Federal Defendants are without sufficient knowledge and information to respond to the allegations of this paragraph. To the extent that a response is deemed required, DENIED.

### Count IV: Direct Liability to the District of Columbia for Failure to Train and Supervise

59. Federal Defendants adopt and incorporate by reference, as if fully set forth herein, their responses above to paragraphs 1 through 58.

60-63. Federal Defendants are without sufficient knowledge and information to respond to the allegations of this paragraph. To the extent that a response is deemed required, DENIED.

64. The unnumbered paragraph following paragraph 63 is Plaintiff's prayer for relief, to which no answer is required. To the extent an answer may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

65. Federal Defendants hereby specifically deny all of the allegations of the Compliant for Violation of Civil Rights, Other Causes of Action and Damages not herein before otherwise answered.

WHEREFORE, the Federal Defendants demand as follows:

1. Judgment in their favor and against Plaintiffs;

2. For all costs incurred herein; and

3. For any and all relief to which they may appear to be entitled.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

OF COUNSEL:

J. Carter Robertson
Attorney
Office of the Chief Counsel
United States Secret Service

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of May, 2008, I caused the foregoing Federal Defendants' Answer to the Second Amended Complaint, to be served on Counsel for the Plaintiff and Counsel for the District of Columbia Defendants by the Electronic Case Filing system or, if this means fails, then by mail, postage prepaid, addressed as follows:

M. Celeste Bruce, Esq.
Rifkin, Levingston, Levitan & Silver, LLC
6305 Ivy Lane, Suite 500
Greenbelt, MD 20770

Ellen B. Flynn, Esq.
6305 Ivy Lane, Suite 500
Greenbelt, Maryland 20770

Eric S. Glover
Assistant Attorney General
Office of the Attorney General for the
  District of Columbia
441 4th Street, N.W., Suite 600 South
Washington, D.C. 20001

/s/
OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739