IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PATRICIA A. POWERS-BUNCE, Individually, And as Personal Representative of the ESTATE OF TERENCE ANTHONY POWERS | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Case No. 06-1586 (RMC) |
| DISTRICT OF COLUMBIA, *et al.* | * * | |
| Defendants. | * * | |

**OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 27, 2008 DECISION DENYING THEIR MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff Patricia A. Powers-Bunce, Individually, and as Personal Representative of the Estate of Terence Anthony Powers, and hereby Opposes Federal Defendants' Motion for Reconsideration of the Court's March 27, 2008 Decision denying their Motion for Summary Judgment. A Memorandum of Points and Authorities in Support of Plaintiff's Opposition is attached hereto and incorporated herein.

2

        Respectfully Submitted,

        Rifkin, Livingston, Levitan & Silver, LLC

           /S/
        _____
        M. Celeste Bruce, Esquire
        Bar No.: 438343

        Ellen B. Flynn, Esquire
        Bar No.: 465355

        6305 Ivy Lane, Suite 500
        Greenbelt, Maryland 20770

        (301) 345-7700 phone
        (301) 345-1294 facsimile

Dated:     May 20, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA A. POWERS-BUNCE, Individually, * <br> And as Personal Representative of the * <br> ESTATE OF TERENCE ANTHONY POWERS * <br> * <br>     Plaintiff, * <br> * <br> v. * <br> * <br> DISTRICT OF COLUMBIA, *et al.* * <br> * <br>     Defendants. * <br> _____* | Case No. 06-1586 (RMC) |

**MEMORANDUM IN OPPOSITION TO INDIVIDUAL FEDERAL DEFENDANTS'
MOTION FOR RECONSIDERATION OF THE COURT'S DECISION DENYING
THEIR MOTION FOR SUMMARY JUDGMENT ADVANCING A QUALIFIED
IMMUNITY DEFENSE**

Plaintiff, Patricia A. Powers-Bunce, by and through counsel, respectfully submits this Memorandum of Points and Authorities in support of her Opposition to Federal Defendants' Motion for Reconsideration of Motion for Summary Judgment.

**I.     Introduction.**

Defendants Burdyn and Giles ("Individual Federal Defendants") filed their motion for reconsideration of the Court's March 27, 2008 decision denying their motion for summary judgment and arguing that qualified immunity should attach to the actions alleged in the complaint. Further, the Individual Federal Defendants argue that Plaintiff has failed to proffer sufficient evidence in response to declarations filed by the Individual Federal Defendants to survive summary judgment. Despite two rounds of motions attempting to dismiss the Plaintiff's Complaint, the Individual Federal Defendants continue to raise factual issues and request that

3

this Court decide the merits of this case without the benefit of discovery and a complete record. Defendants converted a motion to dismiss to a motion for summary judgment by attaching self-serving declarations that have not been subject to cross-examination. In addition, despite requests for deposition dates of the Individual Federal Defendants, no dates have been forthcoming. Plaintiff has not yet been afforded the opportunity to take depositions or other discovery which permit the challenge to the veracity of witnesses, nor has the documentary evidence been produced which would provide a more accurate record of the events that surround Mr. Powers' death. Perhaps most importantly, Defendants have not identified critical witnesses to the stop, arrest, and detention of Mr. Powers.[1]

## II.     Legal Standard.

### a.     Reconsideration Standard:

The standard for determining whether or not to grant a motion to reconsider brought under Rule 54(b), is the "as justice requires" standard espoused in *Cobell v. Norton*, 355 F.Supp.2d 531, 539 (D.D.C. 2005) which requires "determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Id.* Considerations a court may take into account under the "as justice requires" standard include whether the court "patently" misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred. *See Singh v. George Washington Univ.,* 383 F.Supp.2d 99, 101 (D.D.C. 2005). Furthermore, the party moving to reconsider carries the

---

[1] Based upon representations of counsel for Defendants during the recent status conference with this Court, it became apparent that there is at least one witness to the arrest and detention of Mr. Powers that defendants previously failed to identify in the Defendants' police reports or the Declarations of the Individual Federal Defendants. Specifically, counsel disclosed that there was an individual in the vehicle driven by Mr. Powers at the time of the stop. Certainly, Plaintiff is entitled to disclosure of the identity of this individual as this person will have critical factual information about the Defendants' conduct during the arrest and detention of Mr. Powers.

4

burden of proving that some harm would accompany a denial of the motion to reconsider: "In order for justice to require reconsideration, logically, it must be the case that, some sort of 'injustice' will result if reconsideration is refused. That is, the movant must demonstrate that some harm, legal or at least tangible, would flow from a denial of reconsideration." *Cobell*, 355 F.Supp.2d at 540.

  **b.**  **Summary Judgment:**

Under Rule 56(c), a party is entitled to summary judgment in his favor if the pleadings, **depositions, answers to interrogatories, and admissions on file**, together with affidavits, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986)(emphasis added). The plain language of Rule 56(c) mandates the entry of summary judgment, **after adequate time for discovery** and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986)(emphasis added). Any potential problem with a premature motion can be adequately dealt with under Rule 56(f) of the Federal Rules of Civil Procedure, which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery. F.R. Civ. P. 56(f). Protections afforded by Rule 56(f) is an alternative to response in opposition to Motion for Summary Judgment and is designed to safeguard against premature grant of summary judgment. *See Shavrnoch v. Clark Oil & Ref. Corp.*, 726 F.2d 291, 294 (6th Cir. 1984); *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832-33 (10th Cir. 1986).

**III.     ARGUMENT:**

**a.     The Individual Federal Defendants have failed to satisfy the reconsideration standard where the Court appropriately considered and denied the Defendants' Motion for Summary Judgment:**

Defendants suggest that this Court should reconsider its ruling of its March 27, 2008 decision under Rule 54(b). Defendants identify the considerations that a court may take into account under the "as justice requires" standard, including whether the court "patently" misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred. *See*, Defendant's Memorandum at p. 2. (citing *Singh v. George Washington University*, 383 F.Supp.2d 99, 101 (D.D.C. 2005). Defendants have failed, however, to identify which "consideration" applies to their Motion. Instead, Defendants argue that, despite the fact that Plaintiff has not yet been afforded any discovery, the court should have considered the self-serving declarations of Officer Burdyn, Sergeant Giles and Lieutenant Beres and granted summary judgment. Defendants also suggest judgment is appropriate under the asserted qualified immunity defense. Defendants represent that the Court failed to consider the summary judgment motion, and only concentrated on the Defendants' motion to dismiss.

However, the Court clearly addressed Defendants' motion for summary judgment. The Opinion identified the standards it was applying to the Defendants' motion for summary judgment, (Opinion at pp. 7 and 8), and discussed the averments made in the Plaintiff's Amended Complaint the support of the "excessive force" claim. Specifically, the Court identified the following allegations made in the Amended Complaint:

> Officers Giles and/or Brudyn [sic] used excessive force on Mr. Powers during his arrest and detention. During the autopsy, contusions were identified on Mr. Powers that were consistent with being struck repeatedly with a night stick or similar weapon. Mr. Powers sustained injuries to his buttocks, back of legs, abdomen, back, shins, and fingers. These

6

>contusions were recent bruising and were inflicted at or near the time that Mr. Powers was illegally stopped, searched, arrested and brought to the Third District. Upon information and belief, these bruises were sustained during the arrest and detention by Officers Giles and/or Brudyn [sic].

Am. Compl. ¶ 21; March 27, 2008 Memorandum Opinion at 10.

The Court ruled that Plaintiff's allegations were sufficient to overcome a motion to dismiss and allow discovery on the excessive force claim. March 27, 2008 Memorandum Opinion at p. 10 (*citing Twombly,* 127 S. Ct. at 1965).

Defendants have failed to identify what the Court "patently" misunderstood, nor do they suggest the Court made a decision beyond the adversarial issues presented, or made an error in failing to consider controlling decisions or data. Defendants have failed to meet their burden under Rule 54(b) and are simply requesting another "bite at the apple" of dismissal. At this stage in the litigation, however, summary judgment is inappropriate on Plaintiff's remaining claims.

>b. **Defendants Challenge to Plaintiffs' Constitutional Claims Based on Newly Created and Self-Serving Declarations does not Create an Adequate Record for Summary Judgment:**

In support of the Federal Defendants' Motion to Dismiss and/or for Summary Judgment, the Defendants attached the Declarations of three witnesses. These witnesses now "remember" with much greater clarity and detail than they documented in the actual official police record in this case. Nonetheless, the Declarations provide more disputes than they resolve.

Despite being the apparent author of the Incident-Based Event Report (the "Report") which was generated on the evening of the arrest, Agent Burdyn chose not to include most of the facts alleged in his Declaration in the official record related to the events surrounding the arrest of Mr. Powers. This alone provides enough suspicion to at least permit the Plaintiff the opportunity to investigate the veracity of the Individual Federal Defendants' declarations and recollections of events.

7

Further, the Declarations of the Officers are inaccurate. The Plaintiff has established that the Officer's representations in their Declarations that they complied with policies and procedures of the USSS/UD and MPD are inaccurate. *See*, Beres Declaration at ¶ 6; Burdyn Declaration at ¶ 14; Declaration of Max Krupo attached to Plaintiff's Opposition to Federal Defendants' Motion to Dismiss. Specifically, the Officers failed to comply with MPD procedure when they failed to process and book Mr. Powers, failed to remove items which could cause injury, isolated Mr. Powers without checking on him, and failed to take into account the fact that this was his first arrest, he was agitated during the arrest, he was under the influence of an unknown illegal substance which would suggest he should not be isolated without monitoring. Further, Plaintiff provided the sworn statement of an expert witness, Max Krupo, in Opposition to the Defendants' Motion for Summary Judgment, which suggests that there are numerous holes and inconsistencies with the Declarations provided by the Defendants such that their credibility and accuracy is in dispute, and identifies several areas of appropriate discovery that should be permitted to the Plaintiff.

      c.      **Defendants are Not Entitled to Qualified Immunity on the Plaintiff's *Bivens* Claims:**

In *Bivens v. Six Unknown Named Agent of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971), the United States Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action in federal court under 28 U.S.C. § 1331. As it is now known, a "*Bivens* action" is analogous to an action under 41 U.S.C. § 1983, the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials. *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999).

The qualified immunity rules apply equally in suits against state officers under § 1983 and suits against federal officers under *Bivens*. *Davis v. Scherer*, 468 U.S. 183, 194 n.12, 104

S.Ct. 3012 (1984). Qualified immunity is not the law simply to save trouble for the Government and its employees; it is recognized because the burden of trial is unjustified in the face of a colorable claim that the law on point was not clear when the official took action, and the action was reasonable in light of the law as it was.  In this case, however, the surviving allegations made by the Plaintiff relate to violations of clearly established rights, ie. Fourth Amendment protections against excessive force.

Qualified immunity protects public officials from individual liability unless the officials violated "clearly established . . . constitutional rights of which a reasonable person would have known." *Workman v. Jordan,* 32 F.3d at 478 (*quoting Harlow v.Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982).  To successfully rebut a defense of qualified immunity, the plaintiff must show (1) "that the defendant's actions violated a constitutional or statutory right," and (2) that the right "allegedly violated [was] clearly established at the time of the conduct at issue."   In 1989 the Supreme Court decided *Graham v. Connor*, 490 U.S. 386, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989), and directed lower courts to analyze constitutional claims of excessive force by applying Fourth Amendment standards of objective reasonableness. *See id.* at 395 ("Today we make explicit . . . that all claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . .").  The 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397.  The Supreme Court further clarified its test for qualified immunity in excessive force cases laid down in the *Graham* Court in *Saucier v. Katz,* 121 S.Ct. 2151 (2001) when it enunciated a two-part

inquiry: the threshold question is, "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" 121 S.Ct. at 2156.  The Supreme Court of the United States has defined the test for excessive force, therefore the prohibition against a law enforcement official's use of excessive force is clearly established.  Certainly Defendants are not entitled to summary judgment on a theory that the prohibition against excessive force is not clearly established.  Further, it is premature for the Court to make a factual determination concerning the officer's conduct.  Plaintiff has sufficiently alleged that the conduct of the Individual Federal Defendants caused physical injury as demonstrated in the autopsy report. The determination of whether an individual defendant is entitled to qualified immunity is a factual question, and as such, a determination on this issue at this stage is premature.

> d. **Individual Federal Defendants' claims that they did not use "Excessive Force" against Mr. Powers are inconsistent with the Autopsy Findings and Photographs and Not Supported by Defendants' own Expert, Dr. Arden:**

In support of the Federal Defendants' Motion, Defendants suggest that based upon the newly created declarations of Officers Giles and Burdyn that the Federal Defendants did not use force against Mr. Powers.  The facts alleged by the Plaintiff and supported by the autopsy findings and the photographs are inconsistent with the Officers' declarations.  The Federal Defendants suggest that Plaintiff's allegations the Mr. Powers sustained injuries and pain and suffering is the "product of imagination."  However, Mr. Powers' autopsy report suggests otherwise. *See Autopsy attached as Exhibit No. 4 to Defendants' Motion to Dismiss.*  Further, Defendants' own expert witness cannot deny the possibility that the injuries evidence in the autopsy report and photographs did not occur during Mr. Powers arrest and custody.  *See Declaration of Dr. Arden at ¶ 5-8 attached to Defendants' Motion to Dismiss.*  Further, Dr.

Arden admits at least some of the injuries are consistent with strikes by an "elongated object." Even Dr. Arden cannot state to a reasonable degree of medical certainty that the injuries clearly evidenced on Mr. Powers' body did not occur while in the custody of the Officers. Certainly, Plaintiff did not fabricate the injuries.

Further, there are several witnesses, many of which are disclosed in the newly generated Declaration attached to the Federal Defendants' Motion, that have not provided statements, and their activities are not described in the declarations. Perhaps most importantly, Defendants have recently disclosed the existence of a passenger in Mr. Powers' vehicle. However, Defendants' declarations fail to identify the existence of the individual, and no statement has been provided from the individual. Certainly, Plaintiff is entitled to the identity of this critical witness, and an opportunity to collect evidence from this individual.

In the case at hand, the Plaintiff has alleged that Mr. Powers was subject to personal injury to his body consistent with blows sustained from a night stick. Plaintiff's Amended Complaint alleges that Officers Giles and/or Burdyn used excessive force on Mr. Powers during his arrest and detention. This allegation is supported by the autopsy report which identifies contusions on Mr. Powers that were consistent with being struck repeatedly with a night stick or similar weapon. Mr. Powers sustained injuries to his buttocks, back of legs, abdomen, back, shins, and fingers. These contusions were recent bruising and were inflicted at or near the time that Mr. Powers was illegally stopped, searched, arrested and brought to the Third District. Plaintiff has alleged that these bruises were sustained during the arrest and detention by Officers Giles and/or Burdyn. In light of these facts, summary judgment and qualified immunity findings would be inappropriate.

In 1989 the Supreme Court decided *Graham v. Connor*, 490 U.S. 386, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989), and directed lower courts to analyze constitutional claims of excessive force by applying Fourth Amendment standards of objective reasonableness. *See id.* at 395 ("Today we make explicit . . . that all claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ."). The 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397. The Supreme Court further clarified its test for qualified immunity in excessive force cases laid down in the *Graham* Court in *Saucier v. Katz*, 121 S.Ct. 2151 (2001) when it enunciated a two-part inquiry: the threshold question is, "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" 121 S.Ct. at 2156. Here, Plaintiff has asserted excessive force was used, and has supported her claim with evidence sufficient to suggest that justice requires Plaintiff be afforded the appropriate discovery to litigate her claims.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Honorable Court deny the Individual Federal Defendants' Motion for Reconsideration of the Court's March 27, 2008 Decision Denying Their Motion for Summary Judgment. In the alternative, Plaintiff requests this Court permit Plaintiff discovery under Rule 56(f) and specifically requests that Plaintiff be permitted the discovery of the tapes associated with the stop, arrest, detention, and suicide of Mr. Powers, including the audio tapes of calls made by USSS and MPD officers, the homicide investigation including the statements taken of the Officers involved in the arrest and

detention of Mr. Powers, the video surveillance tape of Mr. Powers' cell, and the depositions of the Officers, including Officers Burdyn, Giles, and McQueen.

        Respectfully Submitted,

        Rifkin, Livingston, Levitan & Silver, LLC

        /S/
        _____
        M. Celeste Bruce, Esquire
        Bar No.: 438343

        Ellen B. Flynn, Esquire
        Bar No.: 465355

        6305 Ivy Lane, Suite 500
        Greenbelt, Maryland 20770

        (301) 345-7700 phone
        (301) 345-1294 facsimile

Dated: May 20, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA A. POWERS-BUNCE, Individually, And as Personal Representative of the ESTATE OF TERENCE ANTHONY POWERS<br><br>　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*<br><br>　　Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*　Case No. 06-1586 (RMC)<br>*<br>*<br>*<br>*<br>* |

**<u>ORDER</u>**

UPON CONSIDERATION of Federal Defendants' Motion for Reconsideration of the Court's March 27, 2008 Decision Denying Their Motion for Summary Judgment, and Plaintiffs' Opposition thereto, for good cause shown, it is this _____ day of _____, 2008, hereby and the same

ORDERED that Federal Defendants' Motion for Reconsideration is hereby and the same DENIED.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　ROSEMARY M. COLLYER
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge