UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA A. POWERS-BUNCE** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 06-1586 (RMC) |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**INDIVIDUAL FEDERAL DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO THEIR MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 27, 2008 DECISION DENYING THEIR MOTION FOR SUMMARY JUDGMENT ADVANCING A QUALIFIED IMMUNITY DEFENSE**

Individual Federal Defendants Sergeant Benita Giles and Officer Michael Burdyn (hereinafter "the Officers") of the United States Secret Service – Uniform Division, through counsel, the United States Attorney for the District of Columbia, hereby respectfully submit this reply memorandum to Plaintiff's Opposition to Individual Federal Defendants' Motion for Reconsideration of the Court's March 27, 2008 Decision Denying Their Motion for Summary Judgment in which they assert, *inter alia*, qualified immunity as a defense to the Fourth Amendment excessive force claim. Plaintiff's Opposition repeats her prior flawed arguments and her unsupported request for discovery. Her arguments reveal both that her claims are speculative and that she lacks any evidence establishing the use of excessive force by the Officers. In this context, where the Officers have interposed a valid qualified immunity defense, Plaintiff's excessive force claim was subject either to dismissal or summary judgment in favor of the Officers. Contrary to Plaintiff's assertion, reconsideration is appropriate pursuant to either Rule 54(b) or Rule 60(b) of the Federal Rules of Civil Procedure and justice requires that the Court reexamine its decision.

**ARGUMENT**

A.     **The Officers Have Satisfied the Reconsideration Standard.**

Plaintiff improperly characterizes the gravamen of the Officers' Motion for Reconsideration. The Officers are not "simply requesting another 'bite at the apple' of dismissal" but are seeking full consideration of their motion to dismiss and for summary judgment, and toward this end have amply satisfied the standards of either Rules 54(b) or 60(b) of the Federal Rules of Civil Procedure. The failure to consider a summary judgment motion satisfies the "as justice requires" standard under Rule 54(b) because it is a failure to "consider controlling decisions or data." In Defense of Animals v. National Institutes of Health, 543 F.Supp.2d 70, 75 (D.D.C. 2008).

Plaintiff's suggestion that the Court's reference to summary judgment standards was sufficient to set forth its ruling on the Officers' motion for summary judgment is misplaced. There was no express application of that standard in the Court's decision. See Pl. Opp. at 6, citing Memorandum Opinion ("Memo. Op.") at 7-8. In Section II of the Court's Opinion (Legal Standards), the Court sets forth the legal standards for motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and for motions for summary judgment under Rule 56. See Memo. Op. at 7-8. The Court analyzed Plaintiff's excessive force claims in Section III. A. 1. b. (Analysis) of its Opinion. See id. at 9-10. This section contains no indication that the standards for summary judgment were applied to this claim. See id. Indeed, the Court noted that Plaintiff's Amended Complaint barely met the standard applicable to Rule 12(b)(6), a standard for dismissal, not summary judgment. Id. at 10. ("Plaintiff is entitled to all inferences that run in her favor from the factual averments of her Amended Complaint. Twombly, 127 S. Ct. at 1965. While **this claim is not much more robust than the original** – it alleges that Officer Giles and Sergeant Burdyn used

excessive force– this is sufficient, under these circumstances, to **overcome a motion to dismiss** and allow discovery."). (emphasis added)

In their Motion for Reconsideration, the Officers detailed the injustice of requiring them to endure the burden and expense litigating the Bivens claims in view of Plaintiff's total lack of evidence and the Officers' well-pleaded qualified immunity defense. See R. 52, Individual Federal Defendants' Motion for Reconsideration at 3-4; 7-8. As previously noted, the U.S. Supreme Court has repeatedly highlighted this purpose of the qualified immunity defense. Id. at 3. It further noted that summary judgment was appropriate because Plaintiff had failed to proffer any evidence to create a genuine issue of material fact. Id. at 8.

The Officers have satisfied the standard under Singh v. George Washington University, 383 F.Supp.2d 99, 101 (D.D.C. 2005) and Cobell v. Norton, 355 F.Supp.2d 531, 539-40 (D.D.C. 2005) for granting a Rule 54(b) motion. They have established that justice requires reconsideration and that an injustice will result if reconsideration is denied. Accordingly, the Officers' Motion for Reconsideration should be granted.

      **B.    Individual Federal Defendants Created an Adequate Record for Summary Judgment.**

Plaintiff maintains that summary judgment is not appropriate in this case because the Officers' Declarations are not credible and, therefore, insufficient to support summary judgment. See Pl. Opp. at 7-8. Plaintiff provides no substantive evidence that suggests a scenario different from that provided by these fact witnesses or consistent with her theory of excessive force, but rather offers the Declaration of Max Krupo (expert witness) in an effort to impeach the declarations of Officer Burdyn, Sergeants Giles and Lieutenant Beres. Id. at 8. This feeble attempt at opposing summary judgment is unavailing because Mr. Krupo's declaration does not create a genuine issue

of material fact. See Muhammed v. City of Chicago, 316 F.3d 680, 683-684 (7th Cir. 2002) ("To have prevented summary judgment, [Plaintiff] needed to provide specific evidence when attacking [the affiant's] credibility, such as contradictory eyewitness accounts or other impeachment evidence."); Walter v. Fiorenzo, 840 F.2d 427, 434 (7th Cir.1988) ("A motion for summary judgment cannot be defeated merely by an opposing party's incantation of lack of credibility over a movant's supporting affidavit."); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether [she] is ruling on a motion for summary judgment or for a directed verdict.").

    **C.**    **The Officers Are Entitled to Qualified Immunity on Plaintiff's Bivens Claim of Excessive Force.**

Consistent with the oft-cited opinion of Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982), the Officers have established that they are entitled to qualified immunity because, as government officials performing discretionary functions, they "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id., citing Procunier v. Navarette, 434 U.S. 555, 565 (1978); Wood v. Strickland, 420 U.S. 308, 322 (1975); accord, Wilson v. Layne, 526 U.S. 603, 609 (1999); Crawford-El v. Britton, 523 U.S. 574, 587-88 (1998). The Officers have offered ample evidence (three declarations) concerning their conduct. This evidence establishes that no physical force was used. See Pacer Dkt. 35, Exhibit 1, 2, 3, respectively, Burdyn Dec. at ¶ 14; Giles Dec. at ¶ 7; Beres Dec. at ¶ 5. Plaintiff has offered no evidence, only speculation, in an effort to show that the Officers used excessive force and caused the decedent's injuries. Such speculation will not

suffice to support a civil action, let alone a basis to overrule the Officers' legitimate assertion of the qualified immunity defense.

Plaintiff constructs a theory of excessive force that has no evidentiary foundation, but rests on the hope or chance of finding some evidentiary support in the discovery process. She begins her theory with one undisputed fact: bruises were present on the decedent's body. From this fact, Plaintiff stretches her conclusions, mixing misinterpretations of Defendant's evidence with speculation, to formulate a charge that the Officers used excessive force. Without an expert report of her own, Plaintiff endeavors to rely on a misreading of the report of the Officers' expert witness, Jonathan Arden, M.D. See Pl. Opp. at 10-11. From Dr. Arden's observation that he could not state with certainty whether the decedent's injuries occurred when he was under arrest and in custody, Plaintiff concludes that the decedent's injuries did occur during his arrest and detention. See id. She bolsters this misreading with a faulty characterization of the report by her statement: "Dr. Arden admits at least some of the injuries are consistent with strikes by an elongated object." Id. at 11. Dr. Arden, to the contrary, stated that some of the injuries "theoretically are consistent with strikes by an elongated object, but their features do not suggest this to be more probable than being caused by impacts with another surface or object." Pacer Dkt. 35, Exhibit 4, Arden Dec. at ¶ 5. Plaintiff apparently erroneously construes even Defendants' declarations in a light most favorable to the Plaintiff.

Plaintiff strays well beyond misreading and embraces pure conclusory speculation with her statement that "Mr. Powers was subject to personal injury to his body consistent with blows sustained from a night stick." Pl. Opp. at 11. Dr. Arden observed that the injuries to the decedent were inconsistent with Plaintiff's allegations of the use of police night sticks. Arden Dec. at ¶ 5 ("A

soft-tissue injury caused by striking with a cylindrical object, such as a police baton, typically recapitulates the configuration of the striking portion of the object, resulting in a rectangular or elongated bruise.  In contrast, the bruise to the right shin was irregularly shaped. The injuries to the lower back and thighs consisted of areas of bleeding in the subcutaneous (under the skin) tissues; none of these bruises had any patterned surface components, as would be likely if these were caused by strikes with a baton.").  Plaintiff has provided no evidence of excessive force.  Therefore, the Officers' conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Accordingly, as government officials performing discretionary functions, the Officers are shielded from liability for civil damages under the doctrine of qualified immunity.

As stated by the court in Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384 (D.Puerto Rico 1981),

> [S]ummary judgment may not be defeated on the "gossamer threads of whimsey, speculation and conjecture[."]  Hahn v. Sargent, [523 F.2d 461 (1st Cir. 1975), *cert. denied*, 425 U.S. 904 (1976)] (quoting Manganaro v. Delavel Separator Co., 309 F.2d 389, 393 (1st Cir. 1962)), and Martínez was required to do more than suggest that "something might turn up at trial[."] Pérez v. United States, 594 F.2d 280, 291 (1st Cir. 1979) (quoting Soar v. N.F.L. Players' Association, 550 F.2d 1287, 1289, Fn.4 (1st Cir. 1977). Accord Neely v. St. Paul Fire & Marine Ins. Co., 584 F.2d 341 (9th Cir. 1978); Berard v. General Motors Corp., 493 F.Supp. 1035 (D.Mass. 1980). To avoid summary judgment a party "must do more than whet the curiosity of the court; he must support vague accusations and surmise with concrete particulars[."] Applegate v. Top Associates, 425 F.2d 92, 96 (2d Cir. 1970). Certainly, Martínez' mere hope to discredit Frito-Lay's witnesses on cross-examination, without any indication of what he hopes to elicit in that manner, is insufficient to defeat summary judgment. Modern Home Institute, Inc. v. Hartford Accident and Indemnity Co., 513 F.2d 102 (2d Cir. 1975); Weit v. Continental Illinois Bank and Trust Co., 467 F.Supp. 197 (N.D. Ill. 1978); Buckley v. Vidal, 327 F.Supp. 1051 (S.D.N.Y. 1971). *A fortiori*, [Plaintiff] counsel's suggestion that summary judgment should have been denied because he had not yet had an opportunity to cross-examine [Defendant] himself, is unavailing.

Id. at 392.

Plaintiff's total failure to provide any affirmative proof regarding her allegations of excessive force belies the hollowness of Plaintiff's Fourth Amendment claims. The evidence offered by the Officers shows that they did not use excessive force against Mr. Powers. There were no disputes as to any genuine material fact concerning the use of force against Powers. Accordingly, this Court should have entered judgment in favor of the Officers on Plaintiff's Fourth Amendment claims.

### D.   Plaintiff Failed to Provide a Proper Foundation for Discovery in This Matter.

Plaintiff requests that this Court permit discovery under Rule 56(f). Pl. Opp. at 13. Plaintiff seeks, *inter alia*, to take the depositions of the Officers and an identified witness. See id. at 4, 7-8, 13. She also asks for "the tapes associated with the stop, arrest, detention, and suicide of Mr. Powers, including the audio tapes of calls made by USSS and MPD officers, the homicide investigation including the statements taken of the Officers involved in the arrest and detention of Mr. Powers, the video surveillance tape of Mr. Powers' cell." Id. at 12-13. Rule 56(f) does not apply to Plaintiff's requests. Some of Plaintiff's requests seek evidence that either does not exist[1] or would not alter the material facts of the case.

This Court should deny Plaintiff's request for discovery under Rule 56(f). Discovery is required before summary judgment can be entered when a factual dispute exists or the facts are inaccessible. See Kartseva v. Department of State, 37 F.3d 1524, 1530 and n. 21 (D.C. Cir. 1994).

---

[1] An example of such non-existent evidence is information about a passenger who was in the vehicle with Mr. Powers on the night of his arrest. The police officers did not obtain identifying information from this person, but simply let him go. Without asking Defendant whether any such identifying information even exists, Plaintiff now attempts to rest her request for discovery on a stated need to collect evidence from this individual. Pl. Opp. at 4, 11. Unless someone associated with the Plaintiff can identify this witness, the witness cannot be identified. Even if the witness could be identified, Plaintiff can only speculate as to what testimony this witness would offer. So, again, this request for discovery rests on pure speculation and should be rejected. Cf. Ikossi v. Department of Navy, 516 F.3d 1037, 1045-46 (D.C. Cir. 2008) (56(f) motion supported by affidavit identifying four prospective witnesses).

As previously noted, no factual dispute exists here. Therefore, "[n]o amount of discovery could alter the undisputed facts . . .." Stewart v. Evans, 351 F.3d 1239, 1245 (D.C. Cir. 2003).

Plaintiff seeks discovery primarily to impeach the Officers. See Pl. Opp. at 7 (alleging that because the police report completed by Officer Burdyn was less detailed than his Declaration, Plaintiff should be allowed "to investigate the veracity of the Individual Federal Defendants' declarations and recollections of events."). Discovery under Fed. R. Civ. P. 56(f) is not appropriate if it is sought simply to test the credibility of affiants. See, e.g. Strang v. U.S. Arms Control and Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989) (desire to test and elaborate affiant's testimony insufficient "to defer and deny dispositive action"). Therefore, any request by Plaintiff that seeks to "simply to test the credibility of affiants" should be denied under Fed. R. Civ. P. 56(f).

## CONCLUSION

WHEREFORE, the Officers, sued in their individual capacities, respectfully submit that this motion for reconsideration should be granted.

Respectfully submitted,

_/s/_
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_/s/_
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_/s/_
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June, 2008, I caused the foregoing Individual Federal Defendants' Reply to Plaintiff's Opposition to Individual Federal Defendants' Motion for Reconsideration of the Court's March 27, 2008 Decision Denying Their Motion for Summary Judgment Advancing a Qualified Immunity Defense to be served on Counsel for the Plaintiff and Counsel for the District of Columbia Defendants by the Electronic Case Filing system or, if this means fails, then by mail, postage prepaid, addressed as follows:

M. Celeste Bruce, Esq.
Rifkin, Levingston, Levitan & Silver, LLC
6305 Ivy Lane, Suite 500
Greenbelt, MD 20770

Ellen B. Flynn, Esq.
6305 Ivy Lane, Suite 500
Greenbelt, Maryland 20770

Eric S. Glover
Assistant Attorney General
Office of the Attorney General for the
  District of Columbia
441 4th Street, N.W., Suite 600 South
Washington, D.C. 20001

/s/
OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-0739