## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA A. POWERS-BUNCE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1586 (RMC)** |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION

On May 6, 2008, Officer Michael Burdyn and Sergeant Benita Giles of the United

States Secret Service - Uniform Division (the "Federal Defendants") moved the Court to reconsider

its decision denying their renewed motion for summary judgment, in which they asserted, *inter alia*,

qualified immunity as a defense to the Fourth Amendment excessive force claim.[1]   The Federal

Defendants contend that the First Amended Complaint failed to plead a valid constitutional violation

and that, even if it did, qualified immunity was an appropriate defense to these claims, particularly

given that Plaintiff failed to proffer evidence in response to their declarations supporting their motion

for summary judgment.   For the reasons that follow, the Federal Defendants' Motion for

Reconsideration [Dkt. # 52] will be granted.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not

constitute final judgments in a case.  *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C.

2005).  Rule 54(b) provides that "any order or other decision, however designated, that adjudicates

---

[1] The Federal Defendants are being sued in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised

at any time before the entry of judgment adjudicating all the claims and all the parties' rights and

liabilities."  Fed. R. Civ. P. 54(b).  Revision may be permitted when the Court has "'patently

misunderstood a party, has made a decision outside the adversarial issues presented to the Court by

the parties, has made an error not of reasoning but of apprehension, or where a controlling or

significant change in the law or facts [has occurred] since the submission of the issue to the Court.'"

*Singh*, 383 F. Supp. 2d at 101 (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)).  The

burden is on the movant to show that some harm would accompany a denial of the motion to

reconsider.  "In order for justice to require reconsideration, logically, it must be the case that, some

sort of 'injustice' will result if reconsideration is refused.  That is, the movant must demonstrate that

some harm, legal or at least tangible, would flow from a denial of reconsideration."  *Cobell v.

Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005).

## II.  ANALYSIS

The underlying facts of this case are set forth in detail in the Court's March 27, 2008

Memorandum Opinion.  *See* Dkt. # 46; *Powers-Bunce v. District of Columbia*, 541 F. Supp. 2d 57

(D.D.C. 2008).  In that Memorandum Opinion and accompanying Order [Dkt. # 47], the Court

granted in part and denied in part the Federal Defendants' Renewed Motion to Dismiss, or in the

Alternative for Summary Judgment [Dkt. # 35].  Among other things, the Court denied the Federal

Defendants' Motion on Plaintiff's "excessive force" Fourth Amendment claim.[2]  *See* Mar. 27, 2008

---

[2] Claims of excessive force arising from an unlawful arrest are typically based on a violation of the Fourth Amendment.  *See Graham v. Connor*, 490 U.S. 386, 394 (1989).  The "use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness."  *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

Order at 1.  That claim is described in the Amended Complaint as follows:

> Officers Giles and/or Brudyn [sic] used excessive force on Mr. Powers during his arrest and detention.  During the autopsy, contusions were identified on Mr. Powers that were consistent with being struck repeatedly with a night stick or similar weapon.  Mr. Powers sustained injuries on his buttocks, back of legs, abdomen, back, shins, and fingers.  These contusions were recent bruising and were inflicted at or near the time that Mr. Powers was illegally stopped, searched, arrested and brought to the Third District.  Upon information and belief, these bruises were sustained during the arrest and detention by Officers Giles and/or Brudyn [sic].

Am. Compl. [Dkt. # 26] ¶ 21.  Neither the pleadings nor the evidence presented by Plaintiff indicate, beyond bare aversions, whether the bruises were on the decedent before his arrest and detention.  Additionally, there is no substantive evidence linking the bruises to Officer Burdyn or Sergeant Giles.  However, in denying the Federal Defendants' Motion on this claim, the Court reasoned that "Plaintiff is entitled to all inferences that run in her favor from the factual averments of her Amended Complaint.  While this claim is not more robust than the original[3] – it alleges that Officer Giles and Sergeant Burdyn used excessive force – that is sufficient, under these circumstances, to overcome a motion to dismiss and allow discovery."  Mar. 27, 2008 Mem. Op. at 10 (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).

The thrust of the instant Motion for Reconsideration is that the Court, in its March 27, 2008 Memorandum Opinion, "appear[ed] to address only the Defendants' motion to dismiss to the exclusion of the fully and properly briefed motion for summary judgment."  Defs.' Mem. in

---

[3] In an earlier Opinion, the Court concluded that Plaintiff's excessive force claims in the original Complaint should be dismissed without prejudice because the only allegations – that Mr. Powers "had 'some bruising' that was 'consistent with' blows from police batons" and Mr. Powers was "not combative" – "fail[ed] to state a claim for excessive force in violation of the Fourth Amendment."  *See* Mar. 28, 2007 Mem. Op. [Dkt. # 24] at 10.

Supp. of Mot. for Recons. ("Defs.' Mem.") [Dkt. # 52] at 1-2.  In determining that Plaintiff's excessive force claim should not be dismissed, "the Court reason[ed] only that Plaintiff's claim is sufficiently substantial to withstand dismissal and permit discovery.  The Court [did] not address Plaintiff's failure to come forward with sufficient evidence to avoid summary judgment."  *Id*. at 2.  Specifically, the Court did not address the uncontested declarations of Officer Burdyn, Sergeant Giles, and Lieutenant Beres,[4] submitted in support of the Federal Defendants' motion for summary judgment.  The Federal Defendants contend that the "Officers are entitled to resolution" of their claims "pre-discovery, the absence of which is both their rationale for reconsideration and the harm they would suffer without the relief, in view of the burdens and expense of litigation."  *Id*. at 2-3.

Upon review, the Court agrees that it improperly overlooked the Federal Defendants' alternative request for summary judgment.  The Court noted that the excessive force claim barely met the standard applicable to Federal Rule of Civil Procedure Rule 12(b)(6), the standard for dismissal, but did not address whether it survived summary judgment.  The Court now concludes that there is an absence of factual dispute concerning the Fourth Amendment excessive force claim, and summary judgment should be granted to the Federal Defendants.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (when no genuine dispute exists as to any material fact, summary judgment is required); *id*. at 248 (a genuine issue of material fact is one that would change the outcome of the litigation).

In all three Declarations submitted by the Federal Defendants in support of their motion for summary judgment, Declarants testified that they did not use physical force on Mr.

---

[4] Lieutenant Robert J. Beres of the United States Secret Service is not a named defendant in this case.  However, he testifies that he assisted in the arrest and detention of Mr. Powers on July 15, 2004.  Beres Decl. ¶¶ 1-3.

Powers.  *See* Burdyn Decl. ¶ 14 ("At no time during the arrest was the use of force against Mr.

Powers necessary, and no physical force was used on him."); Giles Decl. ¶ 7 ("No force was required

by any officer at the scene to control him, and no force was used."); Beres Decl. ¶ 5 ("No force was

required by any officer at the scene to control him, and no force was used on Mr. Powers during the

transport.").  In considering summary judgment, when a moving party "point[s] out to the [court] []

that there is an absence of evidence to support the nonmoving party's case," *Sweats Fashions, Inc.*

*v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987) (citing *Celotex Corp. v. Catrett*,

477 U.S. 317, 325 (1986)), the non-moving party may not rest on mere allegations, but must instead

proffer specific facts showing that a genuine issue exists for trial, *Matasushita Elec. Indus. Co., Ltd.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Plaintiff offers no evidence to dispute the

Declarations or to show that Federal Defendants used excessive force and caused Mr. Powers injury.[5]

Instead, Plaintiff argues that the Federal Defendants should not be able to convert a motion to

dismiss to a motion for summary judgment merely by "attaching self-serving declarations that have

not been subject to cross-examination."  *See* Pl.'s Opp'n to Defs.' Mot. for Recons. ("Pl.'s Opp'n")

[Dk.t # 55] at 4.  This attempt to avoid summary judgment is routinely rejected by courts.  *See, e.g.*,

*Frito-Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384 (D.P.R. 1981).

---

[5] In her Opposition to the Federal Defendants' Renewed Motion to Dismiss, or in the Alternative for Summary Judgment, Plaintiff offered no substantive evidence that suggests a scenario different from that provided by these fact witnesses or consistent with her theory of the case, but rather offered the Declaration of Max Crupo, an expert witness, to impeach the declarations of Officer Brudyn, Sergeant Giles, and Lieutenant Beres.  *See* Pl.'s Statement of Genuine Issues [Dkt. # 38] ¶¶ 2-13.  However, a "motion for summary judgment cannot be defeated merely by an opposing party's incantation of lack of credibility over a movant's supporting affidavit."  *See Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988); *see also Muhammed v. City of Chicago*, 316 F.3d 680, 683-84 (7th Cir. 2002) ("To have prevented summary judgment, [the plaintiff] needed to provide specific evidence when attacking [the affiant's] credibility, such as contradictory eyewitness accounts or other impeachment evidence.").

> [S]ummary judgment may not be defeated on the gossamer threads of whimsey, speculation and conjecture, and Martinez was required to do more than suggest that something might turn up at trial. To avoid summary judgment a party must do more than whet the curiosity of the court; he must support vague accusations and surmise with concrete particulars. Certainly, Martinez's mere hope to discredit Frito-Lay's witnesses on cross-examination, without any indication of what he hopes to elicit in that manner, is insufficient to defeat summary judgment.

*Id*. at 392 (internal quotation marks and citations omitted).

Plaintiff has not only failed to counter the Federal Defendants' Declarations, she has failed to identify with specificity any other witness who could offer a contrary point of view.[6] Summary judgment must be granted to the Federal Defendants on the excessive force claim.

### III. CONCLUSION

For the foregoing reasons, the Federal Defendants' Motion for Reconsideration will be granted and summary judgment will be granted to the Federal Defendants on the Fourth Amendment excessive force claim. Because this was the only remaining claim against them, the

---

[6] Plaintiff reiterates her request for further discovery before the Court rules on the Federal Defendants' motion for summary judgment. *See* Pl.'s Opp'n at 4. In particular, she seeks information from the Federal Defendants regarding an unidentified witness who may have observed the arrest and detention of Mr. Powers. *Id*. n.1. However, the Federal Defendants report that the officers did not obtain identifying information from this person, who was a passenger in the vehicle with Mr. Powers on the night of his arrest, and "simply let him go." *See* Defs.' Reply in Supp. of Mot. for Recons. [Dkt. # 57] at 7. Even if this witness could be identified, Plaintiff can only speculate as to what testimony the witness could offer.

Plaintiff also seeks discovery to impeach the Officers' Declarations. *See* Pl.'s Opp'n at 7. Discovery is required before summary judgment can be entered when a factual dispute exists or the facts are inaccessible to the non-moving party. *See Kartseva v. Dep't of State*, 37 F.3d 1524, 1530 & n.21 (D.C. Cir. 1994). Discovery under Federal Rule of Civil Procedure 56(f) is not appropriate if it is sought simply to test the credibility of affiants. *See, e.g.*, *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989). Plaintiff's requests for discovery on the excessive force claim against the Federal Defendants must be denied.

Federal Defendants will be dismissed from this case.  A memorializing order accompanies this

Memorandum Opinion.

Date: September 16, 2008                         _____/s/_____
                                                ROSEMARY M. COLLYER
                                                United States District Judge