UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA A. POWERS-BUNCE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-1586 (RMC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM OPINION

Terence Anthony Powers hanged himself in a holding cell at the D.C. Metropolitan Police Department's Third District precinct headquarters shortly after he was arrested by the United States Secret Service for possession of cocaine with intent to distribute and driving with a suspended license. Mr. Powers' mother, Plaintiff Patricia Powers-Bunce, has sued the District of Columbia and several individual officers of the Metropolitan Police Department and United States Secret Service, seeking to hold them legally accountable for her son's suicide. In a series of decisions, the Court dismissed the claims against the individual Secret Service officers (hereinafter "Federal Defendants"). *See* Dkt. ## 25, 47, 59. Before the Court are Individually Sued Federal Defendants' Motion for Rule 54(b) Certification [Dkt. # 60] and Plaintiff's Motion to Alter or Amend Judgment and Motion for Leave to Amend Complaint [Dkt. # 61]. The Court has reviewed the parties' briefs and supplemental briefs, and will deny the motions for the reasons explained herein.

I. FACTS

The following facts are based on Plaintiff's Second Amended Complaint. *See* Dkt. # 50. Sometime on July 15, 2004, Officer Brudyn and Sergeant Giles of the United States Secret

Service stopped Mr. Powers for allegedly running a red light at the intersection of Massachusetts Avenue and Dupont Circle in Northwest Washington, D.C. 2d Am. Compl. ¶ 11. They allegedly observed Mr. Powers retrieve an object from behind the passenger seat of his vehicle and place it in a cigarette box. *Id.* ¶ 15. Allegedly, inside the cigarette box were five plastic bags of cocaine. *Id.* Mr. Powers was arrested for possession with intent to distribute and for not having a valid drivers permit. *Id.* ¶ 16.

Mr. Powers was taken to the Third District precinct of the Metropolitan Police Department at around 1:30 a.m. *Id*. ¶ 17. He was placed in a jail cell away from other detainees around 2:00 a.m. *Id*. ¶ 33. No one checked on Mr. Powers while he was alone in his cell between 2:30 a.m. and 4:16 a.m. *Id*. ¶ 35. At around 4:16 a.m., Defendants found Mr. Powers hanging from the bars of the jail cell by his tube socks tied in a knot. *Id*. ¶ 38. It was reported that there was no sign of life from Mr. Powers. *Id.* Medics were summoned and confirmed that there was no sign consistent with life. *Id.* ¶ 39. Mr. Powers' body was transported to the Office of the Medical Examiner and his death was recorded at 8:35 a.m. on July 15, 2004; the cause of death was identified as suicide by hanging. *Id*. ¶¶ 39-40.

## II. ANALYSIS

### A.    Federal Defendants' Motion for Rule 54(b) Certification [Dkt. # 60]

"Rule 54(b) mediates between the sometimes antagonistic goals of avoiding piecemeal appeals and giving parties timely justice." *Taylor v. FDIC*, 132 F.3d 753, 760 (D.C. Cir. 1997) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). It provides that in actions presenting multiple claims or involving multiple parties, like here, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly

determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "The district court functions as a 'dispatcher,' determining in its sound discretion when a claim should proceed on to appellate resolution, and when it should await its fellows." *Taylor*, 132 F.3d at 760 (citing *Curtiss-Wright Corp.*, 446 U.S. at 8).

By Memorandum Opinion and Order dated September 16, 2008, the Court dismissed Federal Defendants from this case. *See* Dkt. ## 58 & 59. Federal Defendants ask that the Court "complete the process by certifying . . . that dismissal of all individual claims against the Federal Defendants is final." Fed. Defs.' Mot. for Cert. at 2. Having succeeded on their dispositive motions, Federal Defendants presumably are seeking certification not to appeal their dismissal but rather to prevent the Court from revising its orders on those motions. *See* Fed. R. Civ. P. 54(b).[1] Certification is appropriate "only if the court expressly determines that there is no just reason for delay" entering final judgment. *Id.* "The primary purpose of rule 54(b) is to determine finality for purposes of appeal." *Hooks v. Wash. Sheraton Corp.*, 642 F.2d 614, 616 n.3 (D.C. Cir. 1980). "Being directed primarily to a determination of finality for purposes of appeal, . . . rule 54(b) gives the district court discretion to certify that its decision on one or more (but not all) of the claims is ready for appeal." *Id.* at 617 n.4. Inasmuch as the apparent purpose of Federal Defendants' motion is to prevent the Court from revising its interlocutory orders, Federal Defendants have failed to show that there is no just reason for delay entering final judgment.[2] Accordingly, the Court will deny their motion.

---

[1] Absent certification, "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

[2] The Court expresses no opinion on whether Rule 54(b) permits certification for purposes other than appeal.

**B.     Plaintiff's Motion to Alter or Amend Judgment [Dkt. # 61]**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff moves to alter or amend the Court's September 16, 2008 Order dismissing Federal Defendants from this case. *See* Dkt. # 61. Because that order was interlocutory, the Court will treat Plaintiff's motion as a motion to revise the Court's September 16, 2008 Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. *See Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) ("Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case."). Revision may be permitted when the Court has "'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" *Id.* (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)).

Plaintiff argues that the Court should revise its September 16, 2008 Order dismissing Federal Defendants because newly discovered evidence assertedly supports her claim of Federal Defendants' alleged "deliberate indifference" in violation of the Fifth Amendment to the Constitution.[3] *See* Pl.'s Mem. in Supp. of Mot. to Alter J. at 12-15. Specifically, Plaintiff argues that recent deposition testimony supports her theory that Federal Defendants were deliberately indifferent in failing to resuscitate Mr. Powers. But unless there existed a "special relationship" between Federal Defendants and Mr. Powers at the time of the alleged deliberate indifference, such that the former had an affirmative duty to resuscitate the latter, Plaintiff's claim fails as a matter of

---

[3] The Court dismissed Plaintiff's Fifth Amendment claim against Federal Defendants in their personal capacities by Memorandum Opinion and Order dated March 27, 2008. *See* Dkt. ## 46 & 47.

law. *See Estate of Phillips v. Dist. of Columbia*, 455 F.3d 397, 405-06 (D.C. Cir. 2006); *Fraternal Order of Police Dep't of Corr. Labor Comm. v. Williams*, 375 F.3d 1141, 1145-46 (D.C. Cir. 2004).

It is true that Mr. Powers was in a custodial relationship while in the jail cell and that his custodian owed him an affirmative duty of protection. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-02 (1989). However, Federal Defendants were not the custodian of Mr. Powers at the time they allegedly failed to resuscitate him; D.C. was. The deposition testimony of the D.C. Metropolitan Police Department officers, cited by Plaintiff in her response to Federal Defendants' supplemental memorandum, proves the point. *See* Dkt. # 71 at 4 (Sergeant Weeks testifying that it is the "cell block technician" who monitors prisoners in custody); *id.* at 5 (Officer McClaine testifying that "the cell block officer" has the keys to the cell); *see also* Fed. Defs.' Suppl. Mem. in Supp. [Dkt. # 70] at 2 (Officer Arrington testifying that Secret Service "turn[s] the prisoner over to the cell block technician."). Plaintiff makes too much of the facts that Federal Defendants were Mr. Powers' arresting officers and that they might have obtained the key to Mr. Powers' jail cell. "That the [Federal Defendants] once took temporary custody of [Mr. Powers] does not alter the analysis," as they did "not become the permanent guarantor of [Mr. Powers'] safety . . . ." *DeShaney*, 489 U.S. at 201. Accordingly, the Court will deny Plaintiff's motion to revise the Court's order dismissing Federal Defendants.

C. **Plaintiff's Motion for Leave to Amend Complaint [Dkt. # 61]**

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings should be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "[L]eave to amend should be freely given unless there is a good reason, such as futility, to the contrary." *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 2007) (citing *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962)). "Futility provides a good reason here." *Id.* As discussed above, Plaintiff's Fifth Amendment claim fails as a matter of law because Federal Defendants were not the custodian of Mr. Powers at the time they allegedly failed to resuscitate him. Absent such a "special relationship," Federal Defendants owed Mr. Powers no affirmative duties of protection. *See Estate of Phillips*, 455 F.3d at 405-06. Thus, the Court will deny Plaintiff's motion for leave to amend her Complaint on futility grounds because her proposed amendment would not survive a motion to dismiss. *See James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").

### III.  CONCLUSION

For the foregoing reasons, the Court will deny Individually Sued Federal Defendants' Motion for Rule 54(b) Certification [Dkt. # 60] and Plaintiff's Motion to Alter or Amend Judgment and Motion for Leave to Amend Complaint [Dkt. # 61]. A memorializing Order accompanies this Memorandum Opinion.

Date: January 30, 2009  _____/s/_____
ROSEMARY M. COLLYER
United States District Judge