UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **PATRICIA A. POWERS-BUNCE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1586 (RMC) |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**INDIVIDUAL FEDERAL DEFENDANTS' MOTION FOR PARTIAL
RECONSIDERATION OF THE COURT'S JANUARY 30, 2009 ORDER**

Two of the federal defendants, Officer Michael Burdyn and Sergeant Benita Giles of the Uniformed Division of the United States Secret Service ("Officers"), respectfully move the Court to reconsider the portion of its January 30, 2008 Order denying their motion for certification of the Court's September 16, 2008 Order granting summary judgment in their favor as a final judgment under Fed. R. Civ. P. Rule 54(b). Rather than merely seeking to preserve the decision in their favor from possible reconsideration by this Court, the Officers are attempting to expedite the ultimate resolution of the claims against them in their personal capacities by having the decision made final and subject to any appeal as promptly as possible, as the Supreme Court has indicated is appropriate in Bivens[1] cases. Plaintiff, through her counsel, opposes the relief sought in this motion. The District of Columbia defendants, through their counsel, take no position on this motion.

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

The Supreme Court has repeatedly and consistently recognized the hardships and imposition that suits against federal officers personally have on them and the performance of their duties. E.g., Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982); accord Butz v. Economou, 438 U.S. 478, 507-08 (1978). That recognition prompted the Court's admonishment that insubstantial Bivens suits should be "quickly terminated." Harlow, 457 U.S. at 808 (quoting Butz, 478 U.S. at 507-08). Rule 54(b) provides the procedural vehicle for achieving that objective in a case where, as here, the Court has disposed of all of the claims against the Bivens defendants and there is no just reason to delay making that order final.[2] The issuance of the certification merely starts the time running for an appeal so that any appeal may be taken or abandoned without waiting for the remainder of this case to reach its conclusion. Certifying judgments as final under Rule 54(b) in Bivens cases is routinely done in this Court and is approved by the D.C. Circuit. E.g., Christopher v. Harbury, 536 U.S. 403, 410-13 (2002) (reviewing the procedural history of case where Bivens claims were separated from tort and other claims and reviewed in the D.C. Circuit and the Supreme Court prior to resolution of remaining claims).

Certification is particularly appropriate here where the end of the District Court's proceedings may be long delayed by further extensions of the period for discovery, resolution of any discovery disputes, some of which have already been raised, and possible motions. See Docket Entry Nos. 75, 78; Feb. 24, 2009 Minute Order (extending the the deadline for filing

---

[2] This motion seeks certification only of the judgments in favor of Officer Michael Burdyn and Sergeant Benita Giles of the United States Secret Service - Uniform Division on the Bivens claims against them. The Second Amended Complaint [Docket Entry No. 50] also alleges claims under the Federal Tort Claims Act, but those claims are not within the scope of this motion. See 2d Am. Compl., ¶ 2.

dispositive motions until June 26, 2009). Even if the current schedule remains in place, it will likely be middle to late in the summer of 2009 before the Court has ripe motions pending with regard to the remaining claims in this case. The Officers are entitled to expeditious resolution of the claims against them and the Court's finding, among others, that summary judgment in their favor on the Fourth Amendment excessive force claim was appropriate based on a defense of qualified immunity.

The Court has broad discretion to reconsider its denial of the Officers' request for a final judgment on the Bivens claims. Defense of Animals v. National Institutes of Health, 543 F.Supp.2d 70 (D.D.C. 2008); DeGeorge v. United States, 521 F.Supp.2d 35, 39-40 (D.D.C. 2007). There is good reason to do so because the parties have litigated the issues thoroughly and the nature of the Bivens claims warrants it. Animals v. NIH., 543 F.Supp.2d at 76; see also Pearson v. Callahan, 129 S.Ct. 808, 816-17 (2009) (Supreme Court reconsidering and modifying the procedure it described in Saucier v. Katz, 533 U.S. 194 (2001), for analyzing defenses of qualified immunity to Bivens claims).

The Court's January 30, 2009 Memorandum Opinion appears to misconstrue the basis for the motion as merely intended to safeguard against second thoughts by the Court. Even if the Officers had such concerns, which they do not, such qualms would not be an appropriate basis for a motion. Rather, the reason for certifying the judgment as to the Bivens claims is the Officers' desire to resolve the claims against them personally as quickly as possible. Because of the impact such claims have on federal law enforcement as a whole, that goal has been wholeheartedly endorsed by the Supreme Court, and the Court's January 30, 2009 Memorandum Opinion does not appear to have considered the nature of the claims and that precedent in

3

denying the Officers' motion.  The Officers, who are being sued in their individual capacities, should not have to wait until the end of the case when, as here, all claims against them have already been decided on the basis of, among other things, uncontradicted evidence that they did not use excessive force.  All claims were resolved in the Officers' favor in this Court's March 28, 2007, March 27, 2008, and September 16, 2008 Orders for the reasons set forth in the accompanying Memoranda Opinions entered on those same dates.

WHEREFORE, the Officers respectfully request that the Court grant their motion for partial reconsideration and grant their motion for certification of the March 28, 2007, March 27, 2008, and September 16, 2008 Orders and accompanying memoranda as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: February 26, 2009.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161 / (202) 514-8780 (facsimile)
Jane.Lyons@usdoj.gov